Daniel, Judge,
 

 after stating the case, proceeded :— Several questions have been raised by counsel in the argument of this cause. We deem it unnecessary, however, to advert to but one of the points made with respect to the validity of the deed to Cobbs, as we deem that decisive of the case. It is this. Suppose every other objection to the validity of that deed to be removed by the authorities adduced, and arguments made by the defend
 
 *232
 
 ant's counsel, (upon which by-the-by we give no opinion) still the certificate of the private examination, and the acknowledgment of the deed by the
 
 feme covert,
 
 before the commissioners, does not find and disclose the very essential and important fact, that she executed the deed freely,
 
 and voluntarily assented thereto.
 
 The act of 1810,
 
 (Rev. ch.
 
 791,) expressly requires that the Judge or commissioners in another state or territory, shall privately examine the
 
 feme covert, “
 
 whether she doth voluntarily assent thereto, and an attestation of such acknowledgment shall be endorsed on, or affixed to said deed or commission, by the Judge or commissioners.” What acknowledgment is to be indorsed or affixed ? Why, that she acknowledged that she did execute the deed then exhibited to her, when she was privately examined, and furthermore that she acknowledged, that she “
 
 voluntarily assented thereto.”
 
 The defendant’s counsel, say that this objection to the validity of the deed is removed by the fact, that the commission is in due form, and that
 
 it
 
 directed the commissioners to ascertain whether
 
 the feme covert “ voluntarily assented
 
 theretoand that the certificate of the commissioners, is to be taken by the Court, by necessary intendment, to be an affirmative response to that part of the direction contained in the commission; and that the certificate of her acknowledging it to be her act and deed
 
 in due form,
 
 contains, in substance, an allegation that it was done according to law, or to the requirements of the commission. The commission, it is true, is good both in form and substance, provided an order of the court from which it issued, had been obtained for issuing the same, and naming the commissioners; but whether such an order ever was obtained, does not appear in the case. We do not now mean to give any opinion, whether such an order was necessary ; or whether the issuing the commission is evidence of an order having been made. Admitting the, validity of the commission, this argument is plausible, but we do not think it solid. The deed of
 
 a feme covert,
 
 is not like that of an infant,
 
 voidable;
 
 but it is
 
 void.
 
 In pleading she may discharge herself under
 
 non est factum.
 

 By the divine, as well as thecommonlaw, the wife isunder
 
 *233
 
 the power and dominion of her husband; all her acts affecting her rights, are therefore presumed to be done under his influence and coercion. The real estate of the wife does not pass to the husband by the marriage. When the husband and wife make a deed to pass her lands, the law presumes that it is done by his authority over her, and without further ceremony it is void. But her real estate is not entirely tied up ; she and her husband may convey, when she shall voluntarily assent to convey. To repel the presumption of the husband’s influence over her, and to ascertain her free consent, the law requires that she should be privately examined, by persons of great trust and confidence, a Judge or member of some Court of record, or by two commissioners, who can explain to her her rights, and protect her in the enjoyment of them; persons who are to certify, that she did acknowledge that she executed the deed with her own free and voluntary assent. In the present case, the commissioners’ certificate, stating that she did acknowledge the same to be her act and deed
 
 in due form.,
 
 is too vague and uncertain. We cannot tell what is meant by the words “
 
 due form.”
 
 Whether the words “ in due form,” applies to her having signed, sealed and delivered the deeds, or to having done these things, and also that they were done with her free and voluntary assent, leaves us in uncertainty, doubt and conjecture. The law never intended that
 
 femes covert,
 
 should be deprived of their titles to their lands, but upon the most clear and satisfactory proof that they had freely consented to part with the same. Knowing the influence of the husband, the law is careful and watchful to protect them against that influence. When deeds of this description are properly proved, the statute requires that an order should be made by a Judge, or the County Court, that the deed and the accompanying documents should be registered. The commission and certificates are required to be registered, that the court may at all times see, that every thing required by law to divest the
 
 feme covert
 
 of her title, had been complied with; and also, that the vendee, or those who claim under him, may be always enabled, when they offer the deed in evidence, to show to the Court, that the
 
 *234
 
 title had passed from the/me
 
 covert
 
 according to all the requirements of the statute. The order for registration is not conclusive as to these requirements; the omission of all or any of them, may be shown when the deed is offered . in evidence upon any trial. From the case, as stated, it does not appear to us, that Mrs. Lucas, freely and voluntarily assented to part with her lands, when she signed, sealed and delivered the deed to the defendant Cobbs, or when she was privately examined. Therefore, the plaintiff as lessee, is entitled to recover an undivided moiety upon each of the several demises of Rebecca W. Lucas and Simon Turner. The judgment of the Superior Court is affirmed.
 

 Per Curiam. Judgment affirmed.