Fiske v. Kellogg.

---

JAMES H. FISKE AND CLEMENTIA V. FISKE, PLAINTIFFS AND RESPONDENTS, v. JAMES KELLOGG AND W. J. BRADBURY, DEFENDANTS AND APPELLANTS.

*Appeal from Clackamas County.*

PROBATE SALE.—INFANT HEIR A NECESSARY PARTY.—*Held*, That a sale of a decedent's real estate to pay debts by virtue of an order of the probate court, under the statute (1855), is *void* as to an *infant heir* not made a party to the proceeding, and for whom no guardian was appointed. Such proceedings are hostile to the *heirs*, who are *necessary parties*, and the probate court must have jurisdiction of the *persons* (as well as the subject matter) in the manner provided for in the statute, or the sale will be void.

*Wm. Strong* and *David Logan*, for appellants.

*Mitchell & Dolph* and *S. Ellsworth*, for the respondents.

PRIM, J.   This was an action to recover certain real estate, situate in Clackamas County, belonging to the estate of Lot Whitcomb, deceased.   The respondents are husband and wife, and Clementia V. Fiske, the daughter, heir and devisee of the said Whitcomb.

The executors of the will of the deceased sold the land in controversy under an order of sale made by the probate court of Clackamas County, and appropriated the proceeds thereof in payment of the debts of the decedent.

At the time this order of sale was made, Clementia Fiske was a minor, had no guardian, and was not made a party to the proceeding.   Appellants were in possession of the property and claim title under the sale made in pursuance of this order.

The principal question arising in this case is, as to the validity of the order of the court authorizing the sale of the land.   It is claimed by respondents, that this order was void as to them, for the reason that Clementia V. Fiske, whose interest they represent, had no notice and was not made a party to the proceeding.

Appellants insist, that this being a proceeding in the probate court to convert realty into personalty, for the payment of the debts of the decedent, is not a suit, or in the nature of a suit, but a mere *proceeding in rem*, in which the executor is the sole *representative* of the estate, and therefore the *heirs* are *persons interested* in the estate, are not adversary parties to the proceeding.   They insist that this position is sustained by several cases cited from other states, and one case at least, decided by the supreme court of the United States.   This case relied on is the case of *Grignon's Lessee*, v. *Astor*, reported in 2 Howard, p. 319.   That case arose under a statute in Michigan, and by looking into it, it will be seen that its provisions differ very materially from those contained in our statute of 1855, under which the proceeding now under consideration was had.   The first section of the Michigan statute provided, "That upon representation of the insufficiency of the goods of an intestate to pay his

debts, the same being made to appear to the court, the said court was authorized to empower and license the administrator to make sale of all or part of the real estate of the intestate; and the administrator, by virtue of such license, should by deed convey the same title as the deceased in his lifetime could have conveyed." The court held, that the language used in this section of the act vested in the court jurisdiction *to make the order of sale, upon facts stated in* the petition being made to appear. It further held, that the mode of proof and giving notice prescribed by a subsequent section pertained to the exercise of jurisdiction after it was acquired, and was directory merely.

We will now refer to a few sections of our statute of 1855, page 360:

Section 9. "If it shall appear, by such petition, that there is not sufficient personal estate in the hands of the executor or administrator * * * to pay the debts outstanding against the deceased, * * * and that it is necessary to sell the whole or some portion of the real estate, for the payment of such debts, the probate judge shall therefore make an order directing *all persons interested* to appear before him at a certain place and time therein specified, to show cause why such an order should not be made."

It will be noticed by the provisions of this section when a petition is filed by the executor or administrator containing the facts necessary to give the court jurisdiction of the subject matter, the probate judge is required to make an order, directing all the parties interested to appear and show cause why an order to sell the real property should not be made; while the Michigan statute provides that when such a petition is filed, and the facts therein made to appear to the court, the court is authorized to empower and license the executor or administrator to sell so much of the land as may be necessary.

Section 10. "A copy of such order to show cause, shall be personally served on all persons interested in the estate," * * * or shall be published at least four successive weeks, etc. This notice can be dispensed with by all per-

sons interested in the estate signifying in writing their assent to the sale.

Section 12. "If any of the devisees or heirs of the deceased are minors, and have a general guardian in the country, the copy of the order shall be served on the guardian; if they have no guardian, the court shall, *before proceeding to act* upon the petition, appoint some disinterested person their guardian for the sole purpose of appearing for them, and taking care of their interest in the proceedings."

Section 13. "The executor or administrator may be examined under oath, and witnesses may be examined, by either party; and process to compel their attendance, etc., may be issued as in other causes."

Section 16. "If the probate judge shall be satisfied after a full hearing upon the petition, and on examination of the proofs and allegations of the parties interested that a sale * * * of the real estate is necessary for the payment of debts, etc., * * * he shall make an order of sale authorizing the executor or administrator to sell, etc."

We apprehend these references to the provisions of our statute are sufficient to show that there is an obvious distinction between our statute and the one referred to in the case of *Grignon's Lessee.* Our statute plainly recognizes an interest in the infant heir or devisee in the land sought to be sold to pay debts; and plainly provides that they shall not be deprived of it without appearing or an opportunity of appearing and being heard by their guardian.

The statute of New York, passed in 1813, contained provisions substantially the same as ours. The case of *Schneider* v. *McFarland*, 2 Cowen, 462, arose under that statute, and was a case precisely like the one under consideration. The case of *Grignon's Lessee*, and nearly all the cases cited in this case by appellants, were thoroughly reviewed by the court in deciding that case. The learned judge, in delivering the opinion of the court, says: "No amount of proof would justify an order of sale until the necessary measures provided by law were adopted to secure the appearance of the infant heirs or devisees, and to bring in the other parties in

interest." * * * He further says: "The administrator is not therefore the *sole* representative of the real estate of the deceased in these proceedings. He is the moving party in behalf of the creditors. His object is by a special proceeding before a court of limited jurisdiction to turn the real estate into personalty with a view to the payment of debts. The heir has a right to contest his allegations, and show that no such necessity exists. The right is a most important one, and one which the statute effectually secures to him." Again he very properly says: "It is a proceeding by which the infant heir may be deprived of his inheritance, and to which he is an adversary and necessary party, with a right by his guardian to represent and defend his own interest. It is therefore as essential that the surrogate (here probate court) should acquire jurisdiction of the person of the heir, to conclude his right by an order of sale as it is of the property which is the subject of it. The case of *Bloom* v. *Burdick*, 1 Hill, 139, is to the same effect, and is referred to and approved by the court in the case cited above. (See also *Biglow* v. *Swarns*, 19 Johnson, 38; 33 Cal. 50.) In this case we hold that the sale of the real estate of Lot Whitcomb made by his executors under the order of the probate court was void as to respondents, for the reason that one of them, Clementia V. Fiske, was a minor, without any guardian at the time, and was not made a party to the proceeding. It is further insisted by appellants, that as said Clementia Fiske claimed title as devisee, she can only take under the terms and restrictions of the will. The language used in the will is: "After all my lawful debts are paid and discharged the residue of my estate, real and personal, I give and bequeath," etc. They insist this language implies a devise to the executors of the land in trust for the payment of debts, and also implies authority to them to sell the real estate for that purpose, without applying to the probate court for an order of sale. We think the language used in the will, will not bear any such construction. Section 29 of the act of 1855, p. 363, provides that: "If the testator shall make provision by his will, or designate the

estate to be appropriated for the payment of his debts, * * * they shall be paid according to the provisions of the will, and out of the estate thus appropriated." And by section 30: "When such provisions has been made, or any property directed by the will to be sold, the executor or administrator with the will annexed may proceed to sell without an order of the probate court." In this case, the will does not provide or designate what estate shall be appropriated for the payment of debts, nor does it direct any property to be sold, but merely provides generally, that "after all of his lawful debts are paid and discharged," what shall be done with the residue of his estate, both real and personal. We are unable to see how this provision of the will could make any difference, as the statute then in force required all the debts of the decedent to be paid before any devisee or heir could take the real estate. We hold the executors had no authority under the provisions of the will to sell the real estate of the decedent for the payment of his debts without first duly obtaining an order of the probate court for that purpose, and any sale made by them without such an order was void as to respondents. The decree of the circuit court is affirmed.