[Filed December 21, 1891.]

## OH CHOW v. B. BROCKWAY.

COUNTY COURTS— ESTATES— JURISDICTION FIRST ASSUMED.—When one county court has regularly assumed and is exercising jurisdiction over the estate of a deceased person, it necessarily excludes every other county court from thereafter assuming jurisdiction over the matter.

CORONERS— STATUTORY PROCEEDING.—The disposition of the property of a decedent by a coroner is a statutory proceeding, and the requirements of the law in that respect must be strictly complied with by one seeking to defend his possession or expenditure of a decedent's property on that ground.

ADMINISTRATOR DE SON TORT— CONVERSION.—The payment of claims against an estate by one who assumes to act as administrator thereof under an appointment void for want of jurisdiction in the court making the appointment, will not constitute a defense to an action brought by the rightful administrator for conversion of the property of the estate.

Douglas county: M. L. PIPES, Judge.

Plaintiff appeals. Reversed.

The complaint alleges, in substance, that on or about September 5, 1889, one Yee Yuey, sometimes called Yuen, died intestate in Douglas county, and at the time of his

(McKinley Fel. Serv. § 30; *Bryant* v. *Burlington, etc. R. R. Co.* 66 Iowa, 305; 55 Am. Rep. 275; *Howland* v. *Milwaukee, etc. Ry. Co.* 54 Wis. 226; *Brick* v. *Rochester, N. Y. & P. R. R. Co.* 98 N. Y. 211.)   But in the case of a servant or train-hand engaged in the operation of the road, or riding on the road in the ordinary course of business, it is implied as a part of the contract of employment that the master shall observe all the care which the exigencies of the situation reasonably require, in furnishing and maintaining a track and road-bed adequately safe for use.

By the instruction, as given in this case, the jury was told, in effect, that although the deceased knew that the track of defendant was obstructed by slides and damaged by storms, and was not in a safe and proper condition for use, and with knowledge of that fact went out upon a train, with the express purpose of repairing such damages and removing the slides, or assisting others to do so; yet, nevertheless, the defendant was bound to furnish him exactly the same reasonably safe track and road-bed which the law would have required it to furnish had he been engaged in the operation of a train thereon in the ordinary course of business, or had he, in the course of his work, been riding over a road presumedly in good condition.   This was not the correct measure of the defendant's duty toward the deceased under the facts of this case.

" While the rule is generally applicable," says McKinley, "that when it is the duty of the employé of a railroad corporation, in the course of his work, to ride over the road of the corporation, it is its duty to provide a track suitable and sufficient for the purpose, and to maintain it in good order, it must be considered with some qualification when the road has become dilapidated and out of repair, and is in the process of reconstruction, in which work the employé is engaged."   (McKinley Fel. Serv. 82.)

In this case, the track of defendant's road was placed in the hands of deceased with other employés to be repaired and put in a condition so it could be used, and not for