Argued 3 March; decided 17 March, 1902.

## SLATE'S ESTATE.

## HENKLE *v.* SLATE.

[68 Pac. 399.]

PROBATE COURTS—JURISDICTION—COLLATERAL ATTACK.

1. County courts are courts of general jurisdiction when transacting probate business, and their decrees as such cannot be collaterally attacked, except for want of jurisdiction apparent on the face of the record.

POWER TO APPOINT ADMINISTRATOR—RESIDENCE OF DECEASED.

2. Under Sections 1083 and 1085 of Hill's Ann. Laws, administration on the estate of a deceased intestate inhabitant of Oregon can be granted only by the county court of the county of which such person was an inhabitant at the time of death.

From Linn: REUBEN P. BOISE, Judge.

This was a proceeding in the matter of the estate of Frances Slate, deceased, to remove the person who had been appointed administrator in Linn County. Further facts appear in the opinion. From a judgment in favor of the Linn County administrator the petitioner appeals.        REVERSED.

For appellant there was a brief over the names of *H. C. Watson* and *W. S. McFadden,* with an oral argument by *Mr. Watson.*

For respondent there was a brief over the names of *Weatherford & Wyatt,* and *J. J. Whitney,* with an oral argument by *Mr. Jas. K. Weatherford,* and *Mr. Whitney.*

MR. JUSTICE MOORE delivered the opinion.

This controversy involves the right of a county court to appoint an administrator of the estate of an intestate who at the time of her death was an inhabitant of another county. The transcript shows that the defendant applied to the county court of Linn County to be appointed administrator of the estate of Frances Slate, deceased; his petition therefor, so far as material herein, being as follows: "Your petitioner would most respectfully allege and show that Frances Slate died intestate in Benton County, Oregon, on the twenty-second of November, 1895, and at the time of her death she was a resident and an inhabitant of Benton County, Oregon, and at said time she left an estate in Linn County, Oregon, consisting of landed property of the probable value of $4,000; that there has been no administration of said estate." This petition was granted, and the facts as stated therein are recited in the order appointing the defendant. Thereafter the plaintiff petitioned the county court of Linn County to revoke such appointment, alleging that he had been appointed administrator of said estate by the county court of Benton County, and that he had duly qualified and entered upon the discharge of his trust. The defendant, having been cited to appear, demurred to the petition for his removal on the ground, among others, that it did not state facts sufficient to entitle the plaintiff to the relief demanded. The court, however, overruled the demurrer, relieved the defendant of his trust, and revoked his letters of administration, whereupon he appealed to the circuit court for Linn County, which reversed the decree of the county court, sustained the demurrer interposed therein, and dismissed the plaintiff's petition; and from such decree the latter appeals to this court. The questions to be considered are (1) whether the county court of Linn County had jurisdiction of the decedent's estate; and (2) if it had no authority to appoint an administrator, could it in a proceeding of this character revoke such appointment?

1. Considering these inquiries in their inverse order, the rule is settled in this state that a county court, in the transac-

tion of probate business, is a court of general and superior jurisdiction: *Russell* v. *Lewis*, 3 Or. 380; *Tustin* v. *Gaunt*, 4 Or. 305; *Monastes* v. *Catlin*, 6 Or. 119; *Oh Chow* v. *Brockway*, 21 Or. 440 (28 Pac. 384). Its decrees pertaining to the administration of a decedent's estate import absolute verity, and, this being so, they cannot be overthrown by evidence *aliunde* the record; but when such a decree sets out what was done, and the facts so recited are insufficient to confer jurisdiction, a want thereof is apparent upon the face of the record, in which case it is void, and may be impeached upon a collateral attack: 1 Woerner, Adm'n (2 ed.), § 144; *Tustin* v. *Gaunt*, 4 Or. 305; *Murray* v. *Murray*, 6 Or. 17. Every court of superior jurisdiction possesses inherent power to vacate entries in its record of judgments, decrees, or orders made without jurisdiction, notwithstanding the term at which they were rendered may have expired: *Ladd* v. *Mason*, 10 Or. 308; *Ramp* v. *McDaniel*, 12 Or. 108 (6 Pac. 456); *Cochran* v. *Baker*, 34 Or. 555 (52 Pac. 520, 56 Pac. 641). "Where the record," say the editors of the Encyclopædia of Pleading and Practice (volume XVIV, p. 841), "affirmatively discloses a want of jurisdiction, the appointment of an administrator may always be collaterally attacked." While the petition to revoke the defendant's letters of administration may have been an indirect attack upon the order appointing him, if it should appear from an inspection of the record that such order was made without jurisdiction the county court possessed plenary power and was authorized to purge its record of such void order.

2. Considering the authority of the county court of Linn County to appoint an administrator of the estate of a person who at the time of her death was an inhabitant of Benton County, the statute prescribng jursidiction of the subject-matter in such cases is (Hill's Ann. Laws, § 1083), as follows: "Proof of a will shall be taken by the county court as follows: (1) When the testator, at or immediately before his death, was an inhabitant of the county, in whatever place he may have died; (2) when the testator, not being an inhabitant of this state, shall have died in the county, leaving assets therein;

(3) when the testator, not being an inhabitant of this state, shall have died out of the state, leaving assets in the county; (4) when the testator, not being an inhabitant of this state, shall have died out of the state, not leaving assets therein, but where assets thereafter came into the county; (5) when real property, devised by the testator, is situated in the county, and no other county court has gained jurisdiction under either of the preceding subdivisions of this section." Section 1085 reads, "Administration of the estate of an intestate shall be granted by the county court, authorized to take proof of a will as prescribed in section 1083, in case such intestate had made a will." . The county court, empowered to admit the will of a testator to probate, being authorized to grant administration of the estate of an intestate, the subdivisions of Section 1083, Hill's Ann. Laws, prescribing the county in which the will must be probated, necessarily control in determining the particular county court possessing the requisite power to grant administration of the estate of an intestate. Frances Slate at the time of her death being an inhabitant of Benton County, Oregon, and dying seised or possessed of real or personal property in this state, the county court of that county was undoubtedly authorized to admit her will to probate, if she had made a testamentary disposition of her property, because such inhabitancy and the existence of the property within the state would give the county court of Benton County jurisdiction of the *res;* and, this being so, no doubt exists that such court was also empowered to grant administration of her estate. To authorized the county court of Linn County to grant such administration, the clause "devised by the testator" must be eliminated from subdivision 5 of section 1083, Hill's Ann. Laws, so as to make it read as follows: "When real property is situated in the county, and no other county court has gained jurisdiction under either of the preceding subdivisions of this section." To strike out the clause adverted to would be violative of the plain rules of construction, which require that effect must be given to the ordinary meaning of words employed in a statute unless it is clear that the lawmaking

power intended otherwise: *Crawford* v. *Linn County*, 11 Or. 482 (5 Pac. 738); *State* v. *Simon,* 20 Or. 365 (26 Pac. 170); *Baker* v. *Payne,* 22 Or. 335 (29 Pac. 787). To reject the words "devised by the testator," in subdivision 5 of section 1083, would render subdivision 1 of that section nugatory, as far as it relates to the inhabitancy of the testator as a condition precedent to the jurisdiction of a county court; and, in case the intestate died seised of real property in different counties of the state, the right of a county court to grant administration of such estate might possibly depend upon which one of the persons equally entitled to be appointed administrator should first reach the judge of a county in which any of such property was situated. It is not reasonable to suppose that the legislative assembly ever intended that jurisdiction to grant administration of the estate of an intestate should depend upon such a mode of securing it. Frances Slate not having devised any real property in Linn County, the county court thereof never had jurisdiction of the subject-matter; and, this fact being apparent from an inspection of the record, such court very properly set aside its order appointing the defendant administrator. The decree of the circuit court must therefore be reversed, and one entered here discharging the defendant as administrator of such estate.                    REVERSED.

Decided 31 March; modified 30 June, 1902.