Argued January 13, decided February 8, 1910.

## SMITH v. WHITING.

[106 Pac. 791.]

EXECUTORS AND ADMINISTRATORS—SALE OF LAND—ORDER—COLLATERAL ATTACK.

1. An action in ejectment to recover land claimed by defendant under an administrator's sale is a collateral attack upon the order of sale, and, if the court had jurisdiction of the person and subject-matter, the sale cannot be so attacked, notwithstanding subsequent irregularities, but such irregularities can be taken advantage of only by a direct proceeding for that purpose.

EXECUTORS AND ADMINISTRATORS—SALE FOR DEBTS—VALIDITY.

2. Where authority to make an order of sale on an administrator's petition for the sale of realty to pay debts does not exist, the sale is a nullity, and passes no title.

EXECUTORS AND ADMINISTRATORS—SALE OF REALTY—PROCEEDINGS—PROCESS—SERVICE OF CITATION—SERVICE OF HEIRS—NECESSITY.

3. Section 1172, B. & C. Comp., authorizes administrators to sell the realty to pay debts when the proceeds of the sale of the personalty have been exhausted. Section 1168 provides that no sale of the property of an estate shall be valid unless by order of the court, as therein prescribed, and requires the application for an order of sale to be by the administrator, and, in case of realty, a citation to the heirs and others interested. Section 1173 requires the petition for an order of sale to contain the names, ages, and residences of the heirs and devisees. Section 1174 requires, upon the filing of the petition, the issuance of citation to the devisees and heirs to show cause within a certain time after service of citation why the order should not be made. Section 1175 provides for service of citation upon resident heirs and devisees, and Section 1176 provides that, if upon the hearing the court finds it necessary to sell the realty, it shall order the sale, etc. *Held,* that service of citation upon heirs and devisees is essential to the validity of an order of sale of realty to pay debts of the estate.

EXECUTORS AND ADMINISTRATORS—SALE OF LAND—ORDER—COLLATERAL ATTACK.

4. "County courts," in ordering the sale of realty to pay a decedent's debt, are courts of general jurisdiction, so that their orders in such proceedings can only be collaterally impeached where want of jurisdiction affirmatively appears on the face of the record.

EXECUTORS AND ADMINISTRATORS — SALE OF LAND — PROCEEDINGS — SERVICE—PERSONAL SERVICE—PRESUMPTIONS.

5. While a recital in an order for an administrator's sale of land to pay debts that the heirs and other interested parties were duly cited to

q

appear is conclusive upon collateral attack on the sale, unless contradicted by the record, where the record showed that the resident heirs were cited by publication and not personally, as required, it cannot be presumed that any other method of service was adopted.

EXECUTORS AND ADMINISTRATORS—SALE OF PROPERTY—CITATION—SERVICE BY PUBLICATION—PRESUMPTIONS TO SUSTAIN SERVICE.

6. While the county court is a court of general jurisdiction, yet in ordering the sale of a decedent's realty for debts, in serving interested non-resident parties with notice by publication, it acts under a special statutory authority not according to the common law, and no presumption of jurisdiction arises, but facts showing a proper service sufficient to give jurisdiction must appear upon the record.

EXECUTORS AND ADMINISTRATORRS — SALE FOR DEBTS — PROCEEDINGS — SERVICE—"RESIDENCE."

7. Section 1175, B. & C. Comp., permits service upon non-resident heirs or devisees to be made by publication in a proceeding for the sale of a decedents' realty for debts, and Section 1173 requires the petition for sale to give the residences of the heirs and devisees. *Held*, that it was not sufficient for the petition for an order of sale to give the "address" of non-resident heirs served by publication; service at their address not being equivalent to service at their "residence."

EXECUTORS AND ADMINISTRATORS—SALE OF LAND—CITATION—SERVICE BY PUBLICATION.

8. Under Section 1174, B. & C. Comp., requiring citation to issue to heirs and devisees mentioned in a petition to sell realty for decedent's debts to appear at the term therein mentioned not less than 10 days after service of citation to show cause against an order of sale, a citation directing appearance to be made on the day of which the publication of service was completed gave less than the required time for appearance, and was not sufficient.

EXECUTORS AND ADMINISTRATORS — SALE OF LAND — PROCEEDINGS — SERVICE—PROOF.

9. Under Section 1175, B. & C. Comp., requiring citation upon a resident heir or devisee to be served and returned as a summons, in proceedings to sell realty for a decedent's debts, personal service of citation upon resident heirs could not be shown by parol testimony.

EXECUTORS AND ADMINISTRATORS—SALE OF LAND—COLLATERAL ATTACK—CITATION—SERVICE—MANNER OF PROOF.

10. In a collateral attack on an order for the sale of land for a decedent's debts, the voluntary appearance of a defendant not personally served, as required, cannot be shown by parol, but must be shown by the record.

From Marion: GEORGE H. BURNETT, Judge.

Statement by MR. JUSTICE SLATER.

Plaintiffs, J. L. Smith, J. M. Smith and May Hunter, who are three of the nine heirs at law of one J. Mc Smith, deceased, brought an action in ejectment against defendant to recover three-ninths of a particular quarter section

of land in Marion County, which their father in his life-
time had owned.   It is not disputed by the answer that
plaintiffs are three of the nine children and heirs at law
of J. Mc Smith, or that he in his lifetime was the owner
in fee of said premises.   Defendant, however, claims title
under an administrator's sale, made to pay debts against
the estate; but plaintiffs allege and claim that because
there was no service of citation upon them the order of
sale was made without jurisdiction, and that all proceed-
ings based thereon are void.   The defendant offered in
evidence the petition of the administrator for authority
to sell the real property now in question, which, in form,
substantially meets the requirements of the statute, with
the exception that it fails to state the age or residence of
any of the heirs, but does give the name of each, and
"their present address"; the order indorsed thereon by
the court, as follows:   "That the prayer of the within
petition is granted and citation issue and publication in
the Silverton Appeal for four weeks and on Saturday, the
4th day of August at 10 o'clock is the time set for hearing
any objections to the prayer of the within petition"—the
citation addressed to all of the nine heirs, requiring them
to appear in said matter at the time set for the hearing
of the petition, viz., August 4, 1900, at 10 o'clock a. m.,
and show cause, if any exists, why the order prayed for
should not be made; the proof of publication of the cita-
tion, which showed the first publication to have been on
July 7, 1900, and the fifth on August 4, 1900; the order
of sale made on October 30, 1901, which recites "that all
of the heirs * * and all other persons interested in said
estate were heretofore duly cited to appear in this court
on the 4th day of August, 1900," etc.; and the report of
the sale and confirmation thereof made May 23, 1903.
To each offer plaintiffs objected, on the ground that it
was incompetent, because the court had no jurisdiction.
The objection to each offer was sustained, and defendant

excepted. Defendant then offered to show by John H. Scott, county judge for Marion County, that J. L. Smith and May Hunter, two of plaintiffs, were present in court to see about the matter on the day set for hearing of objections to the allowance of the petition; that he informed them that they would have to put their objections in due form of writing; that they went away and soon returned with a small writing and handed it to him; that he told them it would not do; that they had better consult an attorney in regard to the matter; and that the court would allow them until 2 o'clock in the afternoon to present their objections. This was about 10 o'clock in the forenoon; but neither of them returned to make any objections, and the witness never again saw them in his court. On objection by plaintiffs to the competency and materiality of the testimony, the same was rejected and defendant excepted. Defendant then offered to show by L. H. McMahan that he was the attorney for the administrator in the matter of the proceedings in question; that he drafted the citations, and placed them in the hands of the sheriff for service, and that he knew, to his own satisfaction, that they had been served; that he had the sheriff's bill, amounting to $10.50, for service of these citations, which was offered in evidence; and that he heard the conversation between Judge Scott and J. L. Smith, which occurred in the clerk's office, on the day set for the hearing, and is to the same effect as testified to by the former—to all of which plaintiffs objected as incompetent and immaterial. The objection was sustained and defendant excepted. Thereupon defendant rested, and upon plaintiffs' motion the court directed a verdict in their favor, upon which judgment was entered, from which defendant has appealed.      AFFIRMED.

For appellant there was a brief with oral arguments by *Mr. Louis E. Rauch* and *Mr. Millard A. Seitz.*

For respondent there was a brief over the names of *Messrs. Carson & Cannon* and *Mr. Thomas Brown* with an oral argument by *Mr. Brown.*

MR. JUSTICE SLATER delivered the opinion of the court.

1. This is a collateral attack upon the validity of the probate order for the sale of the realty (*Morrill* v. *Morrill,* 20 Or. 96: 25 Pac. 362: 11 L. R. A. 155: 23 Am. St. Rep. 95), and the question to be decided is one of jurisdiction of the court making the order. This involves jurisdiction, both of the subject-matter and of the persons interested. If, when such an order is made, jurisdiction has attached, whatever errors or irregularities may occur in the subsequent proceedings, it cannot be questioned collaterally. Such errors or irregularities can be reached only by some direct proceeding before the same court, or in an appellate court; otherwise, the order of sale cannot be regarded as a nullity, and cannot therefore be collaterally impeached.

2. To sustain the defense and render the record admissible the authority of the court to make the order must exist, otherwise it is a nullity, and confers no right or title. *Wright* v. *Edwards,* 10 Or.. 298. The power of the court to act upon the subject-matter is originated by the filing of a verified petition, containing the material substance of facts required to be set forth by the statute, viz., the amount of sales of personal property, the charges, expenses, and claims still unsatisfied, so far as the same can be ascertained, a description of the real property of the estate, the condition. and probable value of the different portions or lots thereof, and the amount and nature of any liens thereon. Section 1173, B. & C. Comp. The petition on which the proceedings in question are based, although somewhat abbreviated in form, is probably sufficient to confer upon the court jurisdiction of the subject-matter—that is, the land—but it falls short of the remain-

ing requirements of that section of the statute by failing to give the ages and residences of the respective heirs. These matters, however, seem to be directed more toward, and material for acquiring jurisdiction of the persons of the heirs, of which we shall speak later.

3. It is contended by defendant that the proceeding is one essentially *in rem,* that jurisdiction of the persons interested is not essential to the validity thereof, and that the requirements of the statute for issuance and service of citation upon the heirs or devisees are directory, and not mandatory. A contention somewhat analogous to this was made in the early case of *Fiske* v. *Kellogg,* 3 Or. 503, where it was held that, as the title to real property is in the heir, the proceedings are hostile to him, and he is therefore a necessary party, and that the probate court must have acquired in the manner provided in the statute jurisdiction of the person, as well as the subject-matter, or the sale will be void. This case was decided under the territorial statute of 1855, and an effort has been made to distinguish the provisions of that statute from those of the statute of 1862, under which the present sale was made. But we are of the opinion that no material change was made in the law by the later enactment, so far as the question under consideration is involved. The whole contention is based exclusively upon the reading of Section 1172, B. & C. Comp., which is a part of the act of 1862, and which apparently bestows upon an administrator an absolute right to sell real property of the decedent, "when the proceeds of the sale of personal property have been exhausted and the charges, expenses and claims specified in Section 1169 have not all been satisfied." This section must, however, be read in connection with all other sections of that chapter referring to the same matter. Section 1168 declares:

"No sale of the property of an estate is valid unless made by order of the court or judge thereof, as in this title prescribed, unless herein otherwise provided. The application for an order of sale shall be by the petition of the executor or. administrator, and in case of real property, a citation to the heirs and others interested in such property."

Other sections of the statute require certain facts to be set forth in the petition, including the names, ages, and residences of the devisees and of the heirs, the issuance of citations to them to appear and show cause, if any exist, why an order of sale should not be made as prayed for, and for the service of the citation. Then the statute declares that: "If, upon the hearing, the court find that it is necessary that the real property, or any portion thereof, should be sold, it shall make the order," etc. When read in its entire scope, the statute plainly inhibits the sale of real property of an estate, except upon an order made after a hearing to which the heirs and devisees have been duly cited to appear in the manner and form required by Sections 1174 and 1175, and when, as the result of such hearing, it has been judicially determined, and a finding made that the proceeds of the sale of personal property have been exhausted and that there are certain charges, expenses, or claims against the estate unsatisfied, rendering the sale necessary. What was said by this court in *Fiske* v. *Kellogg*, 3 Or. 503, upon that point is applicable to the present state of the law. We therefore hold that service of citation upon the heirs and devisees is mandatory, and essential to the validity of the order without which the order and all proceedings based thereon will be void.

4. It is well settled in this State that county courts when exercising the power of ordering the sale of the real property of a decedent to pay debts, are to be deemed courts of general and superior jurisdiction. *Bewley* v. *Graves*, 17 Or. 274 (20 Pac. 322) ; *Russell* v. *Lewis*, 3 Or.

380; *Tustin* v. *Gaunt,* 4 Or. 305; *Monastes* v. *Catlin,* 6 Or. 119; *Slates' Estate,* 40 Or. 350 (68 Pac. 399). The judgment and orders of such courts cannot therefore be collaterally impeached, except where the want of jurisdiction affirmatively appears upon the face of the record. *Murray* v. *Murray,* 6 Or. 24; *Slates' Estate,* 40 Or. 349 (68 Pac. 399).

5. The order of sale recites that the heirs and all interested parties were duly cited to appear, and this must be conclusive, unless contradicted by some other matter appearing upon the record. But it appears from the record that, pursuant to an order of the court, a citation addressed to all the heirs named in the petition was published in five consecutive issues of a newspaper; the first being on July 7, 1900, and the last on August 4, 1900, the latter date being the day named for the hearing. This could not be a legal service upon heirs resident within the State, for, as to them, the statute requires personal service. Section 1175, B. & C. Comp. The petition does not disclose the "residence" of any of the heirs, but states that the "address" of each of them is at a place within the State, excepting plaintiff J. M. Smith, whose address is given as "Manila, P. I." The defendant admits that this is not sufficient service to confer jurisdiction of the persons of those resident within the State, but she invokes the presumption of law that personal service was had, which would ordinarily arise from the recital of due service contained in the order. But, when the record discloses a particular method adopted to acquire jurisdiction, if that is not sufficient for the purpose, it will not be presumed that any other method was adopted, unless there is something further in the record on which to base such presumption. *Northcut* v. *Lemery,* 8 Or. 316; *Heatherly* v. *Hadley,* 4 Or. 1; *Tustin* v. *Gaunt,* 4 Or. 305.

6. The recital in the judgment that the heirs were duly cited to appear makes no reference to the form of service,

so as to distinguish it from the one disclosed by this
record, and it must be read in connection with that part
of the record, which gives the official evidence prescribed
by the statute. *Knapp* v. *Wallace,* 50 Or. 348 (92 Pac.
1054: 126 Am. St. Rep. 742.) However, it is maintained
that the record was sufficient, and should have been
received as to J. M. Smith, who, it is claimed, was a
non-resident, because service of citation upon non-resi-
dents, by publication thereof, is expressly permitted by
the statute. Section 1175, B. & C. Comp. Although the
county court is a court of general jurisdiction, yet it was
exercising a special power conferred upon it by statute,
and in a manner not according to the common law, when
it invoked the power to serve a notice upon an interested
party by publication, instead of by personal service. This
is in derogation of the common law, and, as to a non-resi-
dent, no presumption of jurisdiction will attend the judg-
ment of the court; but the facts essential to the exercise
of that jurisdiction must appear upon the record. *North-
cut* v. *Lemery,* 8 Or. 316; *Knapp* v. *Wallace,* 50 Or. 354
(92 Pac. 1054: 126 Am. St. Rep. 742.)

7. The statute authorizes service by publication upon
an heir or devisee unknown or non-resident, and the
record should show that the person upon whom such
service is attempted to be made is of that class. The
statute evidently contemplates that this showing should
be made in the petition, for it expressly requires that it
contain the "residence of the devisees, if any, and of the
heirs." Sections 1173, 1175, B. & C. Comp. The petition
in question gives the address, and not the residence, of
each. These are not equivalent terms; for J. M. Smith,
whose address was given as "Manila, P. I.," may, at the
same time have had and maintained a residence within
this State, while temporarily absent therefrom, and there-
fore subject to personal or substituted service of a citation
in the same manner as of a summons.

8. Moreover, the citation, as published, does not con-
form to the requirements of the statute, which requires

that it command the party to whom it is directed "to appear at a term of court therein mentioned, not less than ten days after service of citation." It directed appearance to be made on August 4, 1900, the day on which the publication thereof was completed. It is therefore apparent that the time for appearance was less than 10 days after the service, for that was not completed until the day of appearance. We are of the opinion, therefore, that the record was properly rejected.

9. The offer to show by parol testimony the fact of personal service of the citation upon the resident heirs was also properly rejected. Such proof is required to be in writing, made in a particular manner, and to be of record; that is, in the same form that the return of the service of a summons is required to be made. Section 1175, B. & C. Comp. The offer was not to prove the contents of a return, shown to have been made and filed, and subsequently lost, but as a substitute therefor, and for that purpose it was not competent.

10. Neither do we think that in a collateral attack can the judgment be supported by parol proof that the party to be bound voluntarily appeared, so as to waive personal service of process. As was said in *Ferguson* v. *Ross,* 5 Ark. 517: "To constitute such appearance as would authorize the court to proceed to judgment against him without service of process, some act of his indicating clearly a design to dispense with the service of process and voluntarily appear to the action must be shown by the record—as where the party comes and defends or confesses the action, or, without defending, or confessing it, says he has nothing to allege in the premises, or where, by any other affirmative act, he legally binds himself to appear." In other words, where there has been service on the defendant, the record should show it, and, where there has been no service, the record should show an appearance by the party in order to bind him. *Davis* v. *Whitaker,* 38 Ark. 435; 2 Pl. & Pr. 596.

The judgment is therefore affirmed.          AFFIRMED.