Argued June 30, reversed July 28, 1914.

## MARKS *v.* WILSON.*

(143 Pac. 906.)

**Executors and Administrators—Sale of Real Property—Proceedings.**

1. Where a petition for the sale of real property of a decedent does not name the heirs, and they are not served, and the petition does not state that the personal property has been exhausted, but alleges that there is due from the estate only the expense of administration, not exceeding $1,000, and that all available personal property has been exhausted, while another petition, filed by the administrator, shows that large sums are due on the estate, but are uncollected, a sale pursuant to the petition is void.

**Executors and Administrators—Sale of Real Property—"All Personal Property Available."**

2. Where a petition by an administrator for the sale of real property alleges that "all personal property available" has been exhausted,

---

*As to proof of handwriting where attesting witnesses are dead or cannot remember transaction, see note in 44 L. R. A. 142.

REPORTER.

but a subsequent petition for distribution alleges that there are large sums due the estate, which cannot be collected at present, the quoted phrase means that there is personal property in petitioner's hands not yet applied to the payment of debt.

### Evidence—Documentary Evidence—Attesting Witnesses.

3. Under Section 784, L. O. L., providing that, if subscribing witnesses are dead or out of the state, proof of that fact and of the handwriting of one of the witnesses, as well as of the party must be produced, the mere testimony of a witness who claims to know the party's handwriting is incompetent.

### Evidence—Documentary Evidence—Preliminary Proof.

4. Section 7113, L. O. L., makes a deed or power of attorney executed prior to its enactment in any foreign country which shall have been signed by the grantors in due form competent evidence. Section 7120 provides for proof of the execution of any conveyance before any officer authorized to take acknowledgments of deeds by a subscribing witness. Section 7109 provides for the witnessing and acknowledgment of instruments and for the indorsement of the acknowledgment thereon. Section 7125 provides for the recording of conveyances acknowledged or proved and certified in the manner provided. Section 7124 provides for the indorsement of the certificate of proof on a conveyance, and Section 7142 provides that a power of attorney, when acknowledged or proved as prescribed for the acknowledgment of conveyances, may be recorded, and the instrument or a certified copy may then be read in evidence. *Held,* that a power of attorney attested by subscribing witnesses is not admissible in evidence without being proved and certified, or having its execution proven.

### Evidence—Documentary Evidence—Admissibility.

5. Section 7113, L. O. L., making a power of attorney executed prior to its enactment in any foreign country, which shall have been signed by the grantor in due form, competent evidence, does not apply to a power executed in a sister state.

From Douglas: Lawrence T. Harris, Judge.

This is an action by Clara Marks against H. J. Wilson. From a judgment in favor of plaintiff, defendant appeals. The facts are set forth in the opinion of the court.            Reversed.

For appellant there was a brief over the names of *Mr. A. N. Orcutt* and *Mr. Dexter Rice,* with an oral argument by *Mr. Orcutt.*

For respondent there was a brief and an oral argument by *Mr. Commodore S. Jackson.*

Department 2.  MR. JUSTICE EAKIN delivered the
opinion of the court.

The history of the relations of the parties hereto is
a tedious one, and we will give only the present in-
terest of each as herein conceded.   This is an action in
ejectment, plaintiff now claiming a two-eighteenths
interest in the lands in controversy by a conveyance
from Rachel De Bow and Meier Marks.   The property
at the time of the death of S. Marks in 1893 was owned
by H. Wollenberg and S. Marks, a partnership, each
claiming one half thereof, and S. Marks representing
in that firm S. Marks and Asher Marks as S. Marks
& Co., they being equal partners.   S. Marks died in
1893, leaving three heirs, of whom Zulkind Krotki
was one, which entitled him to one third of S. Mark's
one fourth of the property in question here.   Zulkind
Krotki is dead, and three heirs now survive him,
Rachel De Bow, Sura Hartbrod and Meier Krotki,
now known as Meier Marks.   In June, 1899, Rachel
De Bow, by power of attorney, appointed Marcus De
Bow her attorney in fact to enforce her interest in the
S. Marks estate, and to lease, sell, etc., all the lands
to which she was entitled, and Meier Marks gave a
similar power of attorney, appointing I. M. Asher as
his attorney in fact; Rachel De Bow and Meier Marks
each owning one third of the Zulkind Krotki one
twelfth of said property.   On the 20th of September,
1911, Rachel De Bow, Sura Hartbrod, Ester B. Krotki
and Meier Marks executed a joint deed, the first three
by Marcus De Bow as their attorney in fact, although
he was attorney in fact for only Rachel De Bow, and
the latter by I. M. Asher as his attorney in fact,
whereby they conveyed to plaintiff an undivided three-
eighteenths interest in the property in question.   Zul-

kind Krotki in his lifetime had conveyed his interest in the said estate of S. Marks to Herman Marks, which deed was canceled and set aside by the Circuit Court of Clackamas County, Oregon, for fraud and want of delivery. Although a copy of the decree is before us, it bears no date; but we understand it was entered after the proceedings of the probate court of Douglas County were had and entered for the sale of the real estate in question here.

1. There is a question involved in this case as to whether, in the probate proceeding in the estate of H. Wollenberg and S. Marks upon petition to sell real estate, the deed by Zulkind Krotki to Herman Marks dispensed with the necessity of serving with citation the heirs of decedent, namely, the children of Zulkind Krotki. This question is disposed of by the two cases in this court of *Smith* v. *Whiting,* 55 Or. 393 (106 Pac. 791), and *Browne* v. *Coleman,* 62 Or. 454 (125 Pac. 278), and fully settles the question against defendant's contention. The former case holds that in a collateral attack the regularity of the proceedings in the lower court cannot be questioned, if it had jurisdiction. In this case in the petition for the sale of the real property the heirs are not named, nor were they served, and did not appear therein. Therefore the attempted sale of the land in question here in the said probate proceeding was void as to the heirs of Zulkind Krotki.

2. Further, the said petition does not specify that the personal property has been exhausted, but alleges that there is due from the estate only the amount of the expenses of administration, which does not exceed the sum of $1,000, and that all available personal property has been exhausted. The petition was filed about March 1, 1902, while on March 20, 1900, in a petition of the administrator it is said that all claims and in-

debtedness, except the cost of administration, have been fully paid; that the estate could not be settled at that time; th..t there are large sums of money due the estate, which the administrator is unable to collect at the present time; and asks and takes an order to distribute to the estate of S. Marks & Co. one half of the money now in his hands and one half of such other sums as shall be thereafter collected. So that the words "all personal property available," contained in the petition, mean that there is personal property in his hands not yet applied to the payment of debts. Then it is important to ascertain whether the plaintiff has any interest in the property, and that depends upon the effect of the two powers of attorney in evidence (Exhibits 43 and 44).

3. The effort to prove the execution of the power of attorney from Meier Marks by the evidence of Jackson, who claims to know his handwriting, was incompetent, as by Section 784, L. O. L., if the subscribing witnesses are dead or out of the state, proof of that fact and of the handwriting of one of the witnesses, as well as of the party, must be produced: *Hannan* v. *Greenfield,* 36 Or. 103 (58 Pac. 888); *Columbia Valley Trust Co.* v. *Smith,* 56 Or. 6 (107 Pac. 465).

4. Section 7113, L. O. L., a curative statute enacted in 1903, provides:

"All deeds, powers of attorney, or other instruments for the conveyance of land * * heretofore executed in any foreign country, which shall have been signed by the grantors or makers thereof in due form, shall be sufficient in law * * and such powers of attorney shall be sufficient * * without any other execution or acknowledgment whatever; * * and * * shall be received * * in all courts in this state and be *prima facie* evidence of the title to the lands. * * When any such instrument so executed shall have been recorded

in the records of deeds of the proper county, such record, duly certified by the county clerk, shall be evidence in all courts and have the same effect as the original.''

Thus it will be seen that a power of attorney executed prior to 1903 in any foreign country, which shall have been signed by the grantor in due form, is competent evidence; but that section does not dispense with the necessity of proof of the execution of the instrument. Section 7120, L. O. L., provides:

''Proof of the execution of any conveyance may be made before any officer authorized to take acknowledgments of deeds, and shall be made by a subscribing witness thereto, who shall state his own place of residence, and that he knew the person described in and who executed such conveyance; and such proof shall not be taken unless the officer is personally acquainted with such subscribing witness, or has satisfactory evidence that he is the same person who was a subscribing witness to such instrument.''

Section 7109 contains a provision for the witnessing and acknowledging of instruments and for the acknowledgment to be indorsed thereon. Section 7125 contains a provision for the recording of conveyances acknowledged or proved and certified in the manner hereinbefore provided. As appears from these statutes a power of attorney executed in a foreign country as was that of Rachel De Bow, which is not witnessed or acknowledged, is entitled to be admitted in evidence in a court only as provided in Section 7113, when shown to have been signed by the maker thereof in due form. Therefore, it devolved upon the grantee in the deed to prove the signature to the power of attorney to be genuine and that it was made in due form. Just what ''in due form'' means is indefinite. As used here it probably means

only just and proper form, or regular or lawful form, or correct, regular or sufficient form, and perhaps signed "in due form," as required here means no more than this. Sometimes "in proper form" in relation to certifying a record, means in the form or manner customary or recognized in the country from which the record comes: *Ducommun et al.* v. *Hysinger et al.,* 14 Ill. 249; *Haynes* v. *Cowen,* 15 Kan. 637; *McRae* v. *Stokes,* 3 Ala. 401 (37 Am. Dec. 698). But in regard to the execution of a deed, it apparently conveys only the idea suggested by the law dictionaries as given above: *Lucas* v. *Cobbs,* 18 N. C. 228; 14 Cyc. 1108, note 26. And it is not entitled to record until proved and certified as required by Section 7120.

We find no evidence in the bill of exceptions or record as to the genuineness of the signature of Mrs. De Bow to the power of attorney, or as to its compliance with the law as to form. Section 7113, L. O. L., is not an authority to record the power of attorney without its being proved and certified as provided in Sections 7124 and 7142, L. O. L., so that it was not entitled to record. Otherwise, the statute would seem to make it possible to record a forged instrument, and thus make it admissible in evidence without proof of its execution, which was not contemplated by the act. No doubt Section 7113, L. O. L., was intended to bring relief in some particular case, but the legislature evidently meant only that the instrument could be admitted in evidence when its execution was properly proved.

5. Section 7113 does not apply to a power executed in a sister state, but by Section 7142 a power of attorney, when acknowledged or proved as prescribed for the acknowledgments of conveyances, may be recorded, and then the instrument or a certified copy of it may

be read in evidence without further proof: See, also, *McIntyre* v. *Kamm,* 12 Or. 253 (7 Pac. 27); *Alaska Expl. Co.* v. *Northern Mining & Trading Co.,* 152 Fed. 145 (81 C. C. A. 363); *Eadie* v. *Chambers,* 172 Fed. 81 (96 C. C. A. 561, 18 Ann. Cas. 1096, 24 L. R. A. (N. S.) 879). The power purporting to be executed by Meier Marks was not entitled to be read in evidence, unless executed and acknowledged in the manner provided for or proved as required. The purpose of the acknowledgment as provided by Section 7109, or the proof of execution as provided by Sections 7120 and 7124, is to take the place of proof of execution of the instrument in court, and when so proved or acknowledged may be recorded, and not before; but, if not so acknowledged or proved and certified, its execution must be proved as any other instrument offered in court. The court erred in admitting the two powers of attorney in evidence.

The judgment of the Circuit Court will therefore be reversed and remanded.          REVERSED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE MCNARY concur.