LEMUEL COUNCE, in equity *vs.* JOHN R. STUDLEY.

Knox.   Opinion April 8, 1889.

*Equity.   Specific performance.   Submission.   Partition incomplete.   Barn part of realty.*

On a bill in equity, for specific performance of a submission to referees, where it appeared, that each party was required to execute and deliver to the other a good and sufficient deed to make effectual a partition of certain land and a barn; and the plaintiff executed and tendered to the defendant a deed of the land, but not of that portion of the barn assigned and set off to him by the referees, *Held,* that the defendant could not be compelled to execute his part of the agreement.

At the hearing, in the court below, the plaintiff presented a paper, signed by him, not being a deed, affirming the doings of the referees. *Held,* to be an irregular proceeding.

IN EQUITY.   On appeal by defendant from a decree in favor of the complainant after hearing on bill, answer and proof.

This was a bill in equity to compel specific performance of an award of referees, who made division of certain real estate between the parties, under an agreement to refer the matter of division to them.

The premises belonging to the parties, in common and undivided, consisted of a certain lot of land, and also a barn thereon. The plaintiff claimed nine-tenths of the land, and denied the defendant's title to one-tenth of the barn.   The submission contained the following clause :—

"And we do hereby further agree that forthwith, on the receipt by us of the report of said referees, we will severally make, execute and deliver each to the other, a good and sufficient deed of release and quitclaim, making valid and effectual the partition of said land and barn as made by the said referees, or a majority of them."

The referees, after setting off and assigning to each of the parties to have and to hold in severalty the land, also set off and assigned to the defendant a portion of the barn "for the use and benefit of said Studley so long as said barn may last"   *   *   *

"and the remainder of said barn, we assign and set off to said Counce, to his sole use so long as said barn lasts, with right of ingress and egress."

Deeds were drawn by the referees necessary to enable the parties to carry out the terms of the agreement; but they contained no division of the barn, and which by the evidence, it was claimed did not stand upon the property divided, but upon land owned by the plaintiff in severalty. The defendant claimed that plaintiff's deed to him was not good and sufficient, because plaintiff's wife had not joined in releasing her dower therein; and because it did not make a valid and effectual partition of the barn.

The plaintiff presented to the court, at the hearing, a paper prepared and executed by him, after the time in which the award was to be published, intended for the signatures of both parties, and not signed by the defendant, confirming and adopting the report of the referees in the division of the use of the barn. The plaintiff claimed that it was presented, in pursuance of his offer of performance, set out in his bill.

*C. E. Littlefield*, for defendant.

Plaintiff having failed to execute the agreement on his part is not entitled to compel performance by defendant. He who asks for specific execution of his contract, must show performance on his own part, or that he has offered to perform. *Rogers* v. *Saunders*, 16 Maine, 92; *Hull* v. *Noble*, 40 Id. 459; *Boone* v. *Missouri Iron Co.*, 17 How. 341; *Love* v. *Sortwell*, 124 Mass. 446; Story Eq. Jur. §§ 750, 771, 776.

Referees held defendant was entitled to a part of the barn, and described it in their report.

Plaintiff's deed not sufficient. Does not release dower, and does not convey the part of the barn set out to defendant by referees. No offer in plaintiff's bill to make such deed.

Barn is part of the realty. Deed of a barn, house, dwelling-house, mill, etc., held to convey real estate. These words alone sufficient to convey the soil on which the barn, house, dwelling-house, or mill stood. Wash. Real Prop., vol. 3, pp. 387, 388, 389; *Woodman* v. *Smith*, 53 Maine, 79.

Being part of the realty, defendant's rights in the barn not affected by its being set off to him, so long as it may last, or that it is on land, held in severalty, by plaintiff.

Plaintiff has not made, nor tendered, and does not offer to make any deed of defendant's part of the barn; but the defendant, according to the decree must make a deed of plaintiff's part of this barn to him. For this reason alone the appeal should be sustained.

*A. P. Gould*, for plaintiff.

Plaintiff's wife has no right of dower, in that portion of the common estate set off to defendant. *Mosher* v. *Mosher*, 32 Maine, 412.

Barn was personal property; defendant had no interest in the land on which it stands. No deed, or other instrument of conveyance was necessary to completely vest the title in defendant of that part of the barn set off to him. Referees' written award sufficient evidence of title.

Conveyance of the barn as personal property, unnecessary, was drawn, and not executed because defendant was not there to join plaintiff in it. Plaintiff, having offered in his bill to execute all necessary conveyances, signed the paper before the hearing.

WALTON, J. This is a bill in equity to obtain the specific performance of an agreement. The defendant insists that the bill ought not to be sustained, because the plaintiff himself is in fault in not performing his part of the agreement; that, by the terms of the agreement, each party was required to execute and deliver to the other a good and sufficient deed to make effectual the partition of certain land and a barn; and that while it is true that the plaintiff executed and tendered to him a deed of the land, he never executed, and never offered to execute, or deliver to him a deed of that portion of the barn which was set off to him. To this the plaintiff says that the barn was personal property; that the defendant had no interest in the land on which it stood; and that no deed or other instrument of conveyance was necessary to vest the title in the defendant. To this the defendant replies that he does not

admit that he has no interest in the land; that, by the terms of the agreement which the plaintiff asks to have enforced, he (the defendant) is entitled to a deed of that portion of the barn which was set off to him by the referees; and that, if it be true, as the plaintiff claims, that the barn is on land wholly owned by him, that that fact alone proves the necessity of the defendant's having such a deed as the agreement calls for.

We are forced to the conclusion that the defendant is right. The agreement which the plaintiff claims to have enforced certainly entitles the defendant to such a deed as he claims. And, as the plaintiff did not execute, and did not offer to execute, such a deed, within the time limited in the agreement, nor, so far as appears, at any time since, but insists that such a deed is unnecessary, we think he is in no condition to insist that the defendant shall be compelled to execute his part of the agreement.

The case shows that at the hearing in the court below, the plaintiff signed a paper, not a deed, affirming the doings of the referees, and presented it to the court. This was an irregular proceeding, and can have no influence in the decision of the cause.

The decree in the court below was in favor of the plaintiff. We think the decree is clearly wrong, and that it must be reversed.

*Decree in the court below reversed.*
*Bill dismissed with costs.*

PETERS, C. J., DANFORTH, VIRGIN, LIBBEY and FOSTER, JJ., concurred.