## LANYON et al. v. CHESNEY et al., Appellants.

### Division Two, February 21, 1905.

1. **JUDGMENT ON PLEADINGS: Specific Performance: Tender of Deed.** In a suit to compel the specific performance of an agreement to purchase and pay for land where the petition avers that the plaintiff had executed a sufficient warranty deed and demanded that defendant comply with the contract to pay the balance, and renews that offer, and the answer generally and specifically denies that any such tender or offer was ever made, it is error to render judgment for plaintiff on the pleadings. Such answer does not waive the necessity for a tender of the deed. Proof of tender of the deed must be made.

2. ——: ——: ——: **Effect of Denial.** A mere allegation in the answer that plaintiff, who by his suit seeks to enforce the performance of a contract to sell land, is not the owner of the land and has no title thereto, is not inferentially or otherwise an averment that defendant would not accept a warranty deed if tendered. Such an answer does not render proof of tender unnecessary.

3. ——: ——: **When Enforcible.** The right to enforce specific performance of a contract to sell land and to receive the purchase money is dependent upon plaintiff's performance or his offer to perform the requirements of the contract.

4. ——: ——: **Tender: Cured by Judgment: Proof.** In a suit for specific performance of a contract to purchase land, a failure to prove a tender of the deed is not cured by embodying in the judgment on the pleadings a provision for "the execution and delivery of a good and sufficient deed, upon payment of the purchase-money into court, or to plaintiff." Such a provision in the decree does not meet the defendant's right to have the court, when an answer is filed denying the tender of a deed, hear testimony, examine the form of the deed, judicially pass upon its sufficiency, and determine whether or not it complies with the terms of the contract. The judgment on the pleadings was, therefore, wrong.

5. **SPECIFIC PERFORMANCE: Insufficient Deed: Possession.**
In a suit to enforce the specific performance of an agreement
to purchase and pay for land the defendant must offer, as a con-
dition precedent to a defense that the vendor is unable to com-
ply with his covenant to convey a complete title by warranty
deed, to restore possession of the premises which he has ac-
quired in pursuance to the contract, and to rescind the con-
tract.

6. ———: ———: **Imperfect Title to Part: Abatement.** Where the
defense to a suit to compel specific performance of a contract
to buy land is that plaintiff has no title to a part of the land,
the defendant may surrender possession of that part and insist
upon performance as to the rest, and ask for an abatement out
of the purchase-money for so much as the quantity of land falls
short of that contracted for. He cannot refuse to pay the pur-
chase-money and retain possession.

7. **PLEADING: Compelling Certainty.** A necessary essential of
good pleading is certainty, and it is within the power of the
court to compel parties, whether plaintiffs or defendants, to
conform to that essential. No defense should be left in doubt.

Appeal from Jasper Circuit Court.—*Hon. Hugh
Dabbs,* Judge.

REVERSED AND REMANDED.

*W. R. Cowley* and *E. E. Chesney* for appellants.

(1) Motions for judgment on the pleadings are
not favored; every intendment, every presumption is
against them. McAllister v. Walker, 39 Minn. 565;
Carrie v. Railroad, 23 Ore. 400; Dunham v. Byrnes,
36 Minn. 106; Giles, etc., v. Recamier, etc., 14 Daly
(N. Y.) 475. (2) Judgment on the pleadings cannot
be rendered where the answer denies any material al-
legation of the petition. Chapman v. Tallant, 1 Kan.
App. 799; McCrea v. Leavenworth, 46 Kan. 767; Nudd
v. Thompson, 34 Cal. 39; Miller v. Chandler, 59 Cal.
541; Martin v. Porter, 84 Cal. 476; Royal v. Landis,
119 Ind. 479; Willis v. Holmes, 28 Ore. 265; Jones v.
Rowley, 73 Fed. 286. (3) An answer which in any
part contains a distinct denial of a fact material to

the plaintiff's recovery cannot, whatever its defects, be treated as a nullity so as to entitle the plaintiff to judgment on the pleadings. Ghirardelli v. McDermott, 22 Cal. 539; Briggs v. Ghotes, 14 N. H. 262; Roark v. Miller, 3 Wash. 73; Hancock v. Herrick, 29 Pac. 13. (4) By submitting a case on petition and answer, the petitioners admit the truth of the facts set up in the answer. People v. Johnson, 95 Cal. 471; Taylor v. Pierce, 53 N. E. 622; Kemper v. Berkley, 79 Mo. App. 584; Hann v. Tramor, 42 Atl. 367; Clark v. Kingsley, 142 Pa. St. 636; Stewart v. Erie, etc., Co., 17 Minn. 373. (5) If a legal or an equitable defense is stated, a motion for judgment will be denied. Class v. Kingsley, 142 Pa. St. 636. (6) A motion for judgment notwithstanding the answer is equivalent to a general demurrer that the facts stated were not in law a defense to the cause of action, but if the defendant traversed any of the facts set up in the petition and which upon trial the plaintiff would be required to prove when denied, the answer could not be stricken out. Wales v. Chamblin, 19 Mo. 500; Burrall v. Moore, 5 Duer (N. Y.) 654; Taylor v. Palmer, 31 Cal. 257. (7) Under the civil code the defendant may plead an equitable defense in an action at law. McCollum v. Boughton, 132 Mo. 601; Sachleban v. Heintze, 117 Mo. 520; Beatie v. Coal Co., 56 Mo. 229; Northrup v. Gas Co., 47 Mo. 435; Glasscock v. Minor, 11 Mo. 655; Parker v. Clark, 57 Mo. 189; Man v. Work, 2 Ark. 229; McFarland v. Carver, 34 Mo. 195. (8) Where, as in this case, a vendor and vendee have contracted, the vendor to convey by a good and sufficient warranty deed, and the vendee to pay the purchase price—this simply—or even where the vendor covenants to convey upon the payment of the purchase price by vendee, there are concurrent and dependent covenants, the covenant of vendor runs with and is dependent on the covenant of the vendee, and conversely, and neither can proceed against the other without himself performing or tend-

ering performance before suit.   Deitrick v. Frantz, 47
Mo. 85; Wellman, Admr., v. Dismukes, 42 Mo. 101;
Hes v. Ellidge, 18 Kan. 296; Morrison v. Terrell, 27
Kan. 326; Soper v. Gabe, 55 Kan.   641. (9)   The
undertakings of vendor and vendee are ordinarily de-
pendent, and to entitle the vendor to recover the pur-
chase-money, he must aver in his petition a perform-
ance or an offer to perform on his part, and sustain
it by proof.   Cress v. Blodgett, 64 Mo. 541; Bowland
v. Gickles, 26 Ill. 497; Bank v. Hagner, 1 Peters 455.
(10)   ''A mere averment of readiness and willingness
to convey is not sufficient unless the payment of the
purchase-money is a condition precedent to the right
to a conveyance (which is the opposite in the case at
bar), in which last case only an allegation of the
vendor's readiness and willingness to convey on pay-
ment of purchase-money is sufficient.''    Jackson v.
Speed, 2 Dwy. (Ky.) 426; Robinson v. Harbour, 42
Minn. 795.   (11)   The averments of the petition must
show the kind of deed tendered, with proffer thereof,
that the court may pass upon the nature of said deed.
Minor v. Edwards, 10 Mo. 671; Thomas v. Van Nen,
4 Wend. 549; Bartlett v. Browning, 8 Mo. 693; Verger
v. Bock, 44 Mo. App. 78; Peishing v. Canfield, 70 Mo.
144; Deitrick v. Clifford, 68 Ill. 67; Eddt v. Davis, 22
N. E. 362.   (12)   A court of equity would not force
upon a defendant a title in which there is any real de-
fect, but will not hesitate to require him to stand up
to his contract when the title offered him is good be-
yond all reasonable doubt.   Scannell v. Soda Foun-
tain Co., 161 Mo. 608; Greffett v. Wellman, 114 Mo.
106; Mitchner v. Holmes, 117 Mo. 185; Davis v. Petty,
147 Mo. 374; Hymers v. Branch, 6 Mo. App. 511.   (13)
In an action by vendor (as in the case at bar) for spe-
cific performance of a contract for the sale of land,
the vendee may defend by showing fraud and false
representation on the part of the vendor.   Isaacs v.
Skrainka, 95 Mo. 517; Veth v. Gierth, 92 Mo. 97; Fry,

Spec. Perf., par. 432; Durretts v. Hook, 8 Mo. 409; Mastin v. Grimes, 88 Mo. 478. (14) Where a defendant (as in the case at bar) pleads new matter in answer, avoiding the action, and which the plaintiff is not bound to prove in the first instance, it must be met by reply or demurrer. Cordner v. Roberts, 44 Mo. App. 440; State ex rel. v. Rau, 93 Mo. 126; Holke v. Herman, 87 Mo. App. 132; Nelson v. Wallace, 48 Mo. App. 194; Thompson v. Wooldridge, 102 Mo. 505; Turner v. Butler, 126 Mo. 131. (15) When the answer sets up a good defense (as in the case at bar) and no reply is filed, defendant is entitled to judgment on the pleadings. Sec. 607, R. S. 1899; Ennis v. Hogan, 47 Mo. 513; Cordner v. Roberts, 44 Mo. App. 440.

*Thomas & Hackney* for respondent.

(1) The Spring River Electric Power Company, having been made a party defendant on its own application, and entered its appearance, and having been given leave to plead within a limited time, not having pleaded to the plaintiff's petition within the time limited, the petition was properly taken against it as confessed. (2) It appearing from the answer of Chesney that possession of the property, was delivered by Lanyon to him and retained by him and the Spring River Electric Power Company, he could not defeat the payment of the balance of the purchase-money on account of any defect or supposed defect in plaintiff's title, without surrendering or offering to surrender the possession. A vendee cannot, after obtaining possession from the vendor, retain the possession of the property and refuse to pay the balance of the purchase price, even though he gets no title. His duty is to rescind in such case. Pershing v. Canfield, 70 Mo. 140; Smith v. Busby, 15 Mo. 388; Hunt v. Marsh, 80 Mo. 398; Cartwright v. Culver, 74 Mo. 182. While the vendee may defend the action of the vendor for pur-

chase-money by showing that the vendor's title was defective, yet as a condition precedent to the availability of such defense, the vendee must restore or offer to restore possession and yield up the fruits of the contract, which was not done in this case. Harvey v. Morris, 63 Mo. 475; Lockwood v. Railroad, 65 Mo. 233; Pulliam v. Burlingame, 81 Mo. 118. (3) Having obtained possession of the property from Lanyon and retained this possession, the defendants could not avoid the payment of the balance of the purchase-money on account of any fraudulent or supposed fraudulent representations of Lanyon with respect to the property. To allow the defendants to retain possession and the money would be to set off one fraud against the other, which cannot be done. Crum v. Wright, 97 Mo. 18. (4) The answer did not state that the defendant had been damaged in any sum, but even had it stated a case of actionable fraud it would be no defense to the plaintiff's petition. Where a vendee has been induced to enter into a contract for the purchase of property by fraudulent representations of the vendor, the vendee has one of two remedies only: He may rescind the contract, restore to the vendor what he has received, if anything, on the contract, and recover the amount paid; or, he may stand by the contract and comply with its terms and sue the vendor in an action at law for damages occasioned by the deceit. Parker v. Marquis, 64 Mo. 438; Kerr on Fraud and Mistake, p. 330. Equity will not decree compensation for fraud in a sale where the vendee retains the property. His only remedy is at law. Kerr on Fraud and Mistake, p. 335. If defendants were defrauded by the transaction and elected to disaffirm, they must disaffirm the whole transatcion. They cannot adopt that part which is for their own benefit and reject the rest. 14 Am. and Eng. Ency. Law (2 Ed.), 161; Jewett v. Petit, 4 Mich. 508; Beattie v. Coal Co., 56 Mo. App. 221. (5) It was not necessary

for plaintiff to make proof of the fact that he had tendered the defendant a deed. It sufficiently appeared from the allegations of the answer that the defendant would not accept it and pay the purchase-money if a deed were tendered; hence, a tender in this case would be a useless formality and would be dispensed with. Deichmann v. Deichmann, 49 Mo. 107. In addition to this, the decree of the trial court provided for the execution and delivery of a good and sufficient warranty deed to the property sold in case the purchase-money was paid into court or to the plaintiff. This fully protected the defendant on that point. In addition, it appears from the answer that the deed should have been made to the Spring River Electric Power Company, and the allegation in the petition of the tender of the deed was taken as confessed against that company. (6) The trial court did not commit error in sustaining the plaintiffs' motion for judgment on the pleadings and in rendering the decree. While the defendants' answer is replete with denials, yet it sufficiently appears from the admissions of the answer, taken as a whole, that the defendants entered into the contract of purchase and have failed to comply with its terms, have received and retain the possession of the land, and have never rescinded or offered to rescind the contract. The answer contains no defense to the action for specific performance. The essential things to maintain the suit being admitted by the pleadings, the court properly rendered a decree for the plaintiffs. The defendants have an ample remedy at law against the plaintiff Lanyon for any damages sustained by them, if fraudulent representations were made by him. They likewise have ample remedy against the plaintiff Lanyon, who is abundantly solvent, for any taxes, liens or encumbrances on the land. Considering all these facts so well known to the defendants, there can be no escape from the conclusion that the defense made in this case is simply an abortive

effort to evade the payment of a just debt. A court of equity in this case could not do justice by granting the defendants the only relief prayed, that is, to be dismissed with their costs, thus leaving them in possession of the property without payment of the balance of the purchase-money.

FOX, J.—This was a suit brought by one of the respondents, Robert Lanyon, against Frank O. Chesney, one of the appellants, in the circuit court of Jasper county, State of Missouri, in division No. 2. After the commencement of said action H. J. Mink was, on his own motion, made a party plaintiff. The Spring River Electric Power Company was made party defendant.

July 23, A. D. 1901, the plaintiff, Robert Lanyon, filed in said court his petition. The petition, omitting caption, was in words and figures as follows, to-wit:

"Plaintiff states that on the second day of July, A. D. 1900, he was the owner of the west half of the southeast quarter of section seventeen, township twenty-nine, range thirty-two; also a space near the southwest corner of the northeast quarter of the southwest quarter of said section on the river, for a dam, and abutments on each side of the river, and one pole wide on each side of the river above the dam for eighty poles; and also a strip or space of one pole wide from the river to a lake or pond for a race, and one pole wide on each side of said lake, and a space to convey water from the lake or pond to said west half of the southeast quarter of the northwest quarter —all of said property being known as the 'Quaker Mills,' situate in Jasper county, Missouri; that on said day said plaintiff and defendant entered into a contract, in writing, by which said plaintiff agreed to sell, and defendant agreed to purchase, said property for six thousand dollars, to be paid as follows: five hundred dollars cash, five hundred dollars on or before

September 1, 1900, and five thousand dollars on or before January 1, 1901; possession to be given on payment of the five hundred dollars cash; warranty deed to be given when the second five hundred dollars was paid, and trust deed to be taken back, securing the five thousand dollars due January 1, 1901, with interest at six per cent from September 1, 1900; that defendant paid the cash payment of five hundred dollars, and afterwards, during the month of September, 1900, paid another five hundred dollars, when plaintiff offered to make, execute and deliver a sufficient warranty deed, conveying said premises to said defendant, and requested said defendant to execute the deed of trust aforesaid, to secure the balance, to-wit, five thousand dollars; but the defendant at that time declined to make the deed of trust, stating that he would pay the cash in a few days, but ever since that time he has failed and neglected to either execute the deed of trust or make the cash payment; that the plaintiff, on or about the twenty-third day of March, 1901, made, executed and tendered to the defendant a good and sufficient warranty deed, conveying said premises to the defendant, and plaintiff is now ready and willing to deliver said deed to said defendant on the payment of said sum of five thousand dollars, together with interest at six per cent per annum from September 1, 1900, and now brings said deed into court and tenders the same to defendant; that no part of said five thousand dollars has been paid, although defendant took possession of said premises under said contract.

"Wherefore, plaintiff prays that the said defendant may be compelled specifically to carry out said contract of purchase, and for judgment against the defendant for the sum of five thousand dollars, aforesaid, together with interest from September 1, 1900, at the rate of six per cent per annum; and that the said judgment may be declared a lien on said real estate, for the balance of the purchase price, and that the said

premises be ordered sold to satisfy the same, and for all other judgments, orders and decrees meet and proper in the premises and for costs.''

The answer of defendant, Frank O. Chesney, covers about seventeen pages of the abstract of record, and we see no necessity for burdening this opinion with a reproduction of it here, but must be content with a reference to certain averments in the answer, which are vital to the proper disposition of the legal propositions involved. Embraced in this answer, we find the following allegations:

''This defendant denies each, every, all and singular the matters and things stated and alleged in and by the said plaintiff's petition herein filed.

''But denies that said plaintiff was then or has been since or now is, the owner of said real estate in fee simple absolute and denies that said plaintiff ever had or now has a perfect title or a marketable title to the real estate or any part thereof.

''Denies that this defendant agreed to pay six per cent interest on $5,000 from the first day of September, A. D. 1900, but avers this defendant agreed to pay five per cent per annum interest annually on said $5,000 from the date on which the said plaintiff made and delivered a good and sufficient warranty deed for all of the said premises with full covenants of warranty to this defendant or his assigns, as more fully shown in the second defense of this answer, which second defense is hereby made a part of this first defense.

''Denies that the said plaintiff ever offered to this defendant to make, execute and deliver a sufficient warranty deed conveying all of the above-mentioned premises to this defendant or to any assigns of this defendant of the above described real estate or any part thereof.

''Denies that the said Lanyon on or about the twenty-third day of March, or at any other time, made, executed and delivered to this defendant, or to his as-

signs of said premises, a good and sufficient warranty deed of all of the above-mentioned premises, conveying the same to this defendant or to his assigns.

"Denies that the said plaintiff is ready or able to convey a good and perfect title to all or any of the above-mentioned premises to this defendant or to his assigns upon any condition whatsoever.

"Denies that this defendant has refused or neglected to make, execute or acknowledge a deed of trust upon and conveying to said Lanyon all of the above-mentioned premises to secure the payment of said $5,000 ten years from and after the date of said deed of trust, which was agreed to upon Lanyon conveying all of the above-mentioned real estate to this said defendant or his assigns by a good and sufficient warranty deed with full covenants from said Lanyon conveying all the same premises to this said defendant or his assigns a perfect title to all the premises and such good and sufficient warranty deed was, upon examination, accepted by this defendant or his assigns."

"That there were at the time of the bringing of this suit other liens, also taxes and assessments upon the said premises and each and every part thereof.

"That there still remain the said liens upon the same; that said plaintiff can not now convey said premises to this defendant or to his assigns with a good and sufficient warranty deed or perfect title."

There are numerous other allegations as to the false and fraudulent representations made in respect to the property at the time the contract of sale was entered into. These allegations will receive such. attention as they merit during the course of the opinion.

Plaintiffs filed their motion for judgment, which was as follows:

"Now comes plaintiff and moves the court for judgment on the pleadings and notwithstanding defendants' answer for the reason, 1st, that the answer contains no defense to plaintiff's petition."

This motion was by the court sustained, and judgment rendered against the defendants for the balance of the purchase-money, $5,249, and decree entered accordingly, to enforce such judgment by authorizing issue of execution and levy, and sale of the land described in the petition.

From this judgment and decree defendants prosecuted this appeal, and the record is now before us for consideration.

## OPINION.

Upon the record before us there is but one proposition presented for consideration. That is the correctness or incorrectness of the action of the trial court upon the motion for judgment upon the pleadings.

We confess, that, from a careful examination of the answer in this cause, it is difficult to ascertain the line of defense sought to be made by the defendants and equally difficult to reconcile some of the defenses; hence, whatever conclusion may be reached upon the main proposition, that is, the rendition of judgment upon the pleadings, we are unwilling to commend this answer as a logical and concise statement of separate and consistent defenses to this action.

This is an action for specific performance, and it is fundamental that a party seeking this relief must aver and prove the performance, or the offer to perform on his part every essential ingredient of the contract which is required of him by the terms of the agreement.

The petition in this cause is predicated upon a contract for the sale of land, which required plaintiffs to execute and deliver to defendants or offer to do so, a *sufficient* warranty deed, conveying the premises covered by said contract of sale to the defendants; this is recognized as being incumbent upon the plaintiffs by the petition, which properly makes the nec-

essary averments upon the subject of complying with
the terms of the contract.

We have, then, in this case, as an averment in the
petition, after the payment of the second installment
under this contract, the offer to make, execute and de-
liver to defendants a sufficient warranty deed, convey-
ing the premises to the defendants and a request that
defendants execute the deed of trust to secure the bal-
ance ($5,000) of the purchase-money, as provided for
in the contract. This was an essential averment to
entitle plaintiffs to the relief sought by the bill, and
was one upon which the defendants had the right to
join issue with complainants.

The general denial, as well as the specific denial,
as herein indicated, embraced this averment, and di-
rectly put in issue the truth of the fact alleged; hence,
upon this ground, the action of the court sustaining
the motion for judgment must be held erroneous.

Respondents insist that this difficulty of failing
to make proof of the tender of a sufficient deed is met
by the terms of the answer, which indicates that the
defendant would not have accepted the deed, had it
been tendered. In support of this insistence, our at-
tention is directed to the case of Deichmann v. Deich-
mann, 49 Mo. 107. An analysis of that case will dem-
onstrate that it falls far short of meeting the difficulty
presented under the answer in this case. The Deich-
mann case correctly announces the rule that where the
claim is made that the contract has been rescinded, and
all obligations under it are repudiated and denied, then
there is no necessity for a tender.

The answer in this case does not by any of its al-
legations waive the necessity of a tender of the war-
ranty deed by plaintiffs. It denies that plaintiffs made
any such tender, and while it is true that the answer
avers that the plaintiffs have no legal title to the prem-
ises, still that is far short of saying they would not ac-
cept the deed if tendered, for it may be that defendants

felt that plaintiffs could not convey a legal title to the premises, yet they would willingly accept the deed relying for protection upon the warranty of title plaintiffs were required to make under the contract.

There is no inconsistency in saying that plaintiffs have no title to the land sold by virtue of the contract, and that they have not tendered a deed conveying the premises to the defendants. It is equally clear that the mere allegation that plaintiffs were not the owners of the premises and had no title thereto, does not embrace, inferentially or otherwise, a statement that the defendant would not accept a warranty deed to the premises if tendered to him. We repeat that defendants, notwithstanding the absence of legal title, may have and had a perfect right to accept the warranty deed and rely upon the warranties for protection from loss.

The plaintiffs were not entitled to the relief sought, without proof of the tender of the warranty deed, as provided by the contract. The right to enforce specific performance and receive the purchase-money is dependent upon the performance or the offer to perform requirements of the terms of the contract. [Pershing v. Canfield, 70 Mo. 1. c. 144; Dietrich v. Franz, 47 Mo. 85; Birge v. Bock, 44 Mo. App. 78; Minor v. Edwards, 10 Mo. 671; Burret v. Browning, 8 Mo. 693.]

It is next insisted by respondents that the failure to prove a tender of the deed, as provided by the terms of the contract, is dispensed with by reason of the decree entered in this cause, which provided for "the execution and delivering of a good and sufficient deed to the property, upon the payment of the purchase-money into court, or to the plaintiff." This provision of the decree, it is claimed, fully protected the defendant, upon the issue made, as to the tender of the deed.

The fundamental error assumed by this contention is that the vital question, that defendant had the right

to have the court, upon the issue made, hear the testimony, examine the form of the deed, and judicially pass upon its sufficiency, and whether or not it complies with the terms of the contract, is entirely overlooked.

The issue was made as to the tender of a sufficient deed to the premises by the plaintiffs, and defendant was entitled to have that issue passed upon by the court, and it does not meet this difficulty simply for the decree to say that a good and sufficient deed must be executed and delivered upon the payment of the purchase-money.

In other words, when an issue is presented to the court, involving the form and sufficiency of a deed to convey land, the authority to determine that issue cannot be delegated by simply requiring in a decree the execution and delivery of a good and sufficient deed. As was said in Minor v. Edwards, 10 Mo. l. c. 676: "Who is to decide whether the deed was a good and sufficient one in law? Whether it was, and discharged the obligees, was a question of law for the determination of the court; and to have enabled the court to decide, the deed should have been submitted to the inspection of the court."

It will be observed that while the answer does not deny the execution of a contract for the sale and purchase of the premises involved, it does affirmatively allege that the contract was not as averred by the plaintiffs; in other words, the allegations of the answer materially vary the terms of the contract sought to be specifically enforced by plaintiffs.

Upon a replication being filed by the plaintiffs, this presented an issue which should have been tried and submitted to the court.

Upon the remaining propositions discussed in the briefs of counsel, it is only necessary to repeat that we are unable from the answer to determine what relief defendant is seeking by the facts stated. The law, upon the subjects discussed, is well settled in Missouri.

If defendant is resisting the payment of the purchase-money on the ground of the inability of the vendor to comply with his covenant to convey a complete title by warranty deed to the premises, he has the right to make such defense; but as a condition precedent to such defense, he must offer to restore the possession of the premises and rescind the contract. This is the law, as settled in Harvey v. Morris, 63 Mo. 477. The doctrine was thus clearly announced in that case:

"We think the principle is well established in this State and elsewhere, that a vendee who buys land and receives from the vendor a bond containing a covenant that the vendor, on full payment of the purchase-money, will convey a complete title by deed of general warranty, can, in the event of the vendor's inability to comply with his covenant, successfully resist the collection of the purchase-money, when he offers to restore possession and rescind the contract. Not only can he resist, under such circumstances, the payment of the purchase-money, but he would be entitled to a judgment over against the vendor for the purchase-money paid by him. As a condition precedent to the availability of such a defense, the vendee must offer to restore possession and yield up the fruits of the contract. It would be inequitable to allow him to remain in the use and enjoyment of what he bought, and also to retain in his hands the price agreed to be paid."

If this is the defense sought to be made in this proceeding, and defendant refuses to pay the balance of the purchase-money because plaintiffs are unable to convey title to any part of the premises involved, then the defendant should offer to restore possession and rescind the contract and these facts should be plainly stated in the answer.

The answer should not leave in doubt the character and nature of the defense interposed, and it may be added that under our system of practice it clearly is within the power of the court to compel parties,

whether plaintiffs or defendants, to conform to that very essential requisite of good pleading, "certainty."

If the defendant's defense to this action is, that plaintiffs, by reason of having no title to a *part* of the land sold to him under the contract, are unable to comply with the terms of the contract as to all of said lands, then under the law, as announced in McGhee v. Bell, 170 Mo. 121, the defendant may surrender possession of that part of the land and insist upon a specific performance as to that portion to which plaintiffs have title. The suit being one in equity, he may ask the court for an abatement out of the purchase-money, for so much as the quantity of land falls short of that contracted for, by the terms of the agreement. In suits for specific performance, the court of equity once having acquired jurisdiction of the parties, as well as the subject-matter, may proceed to administer complete justice to the parties under all the facts in the case. [McGhee v. Bell, supra, and cases cited.]

This defense, like any other, should not be left in doubt; defendant should not be permitted to simply say that there is a part of this land which plaintiffs are unable to convey, and then stop, and refuse to pay any of the balance of the purchase-money and retain possession of the premises. He should be required to accept one horn or the other of the dilemma. If title to part of the land is not in the plaintiffs, then he should be required to offer to restore possession of the premises, and rescind the contract, or should be required to restore possession of the part to which plaintiffs have no title and ask the court for a specific performance of that part to which they have title, and allow the court to adjust the equities, and fix the amount to be paid by the purchaser.

Upon the proposition discussed in the briefs of counsel as to the method of taking advantage of false and fraudulent representations made in respect to sales of property in actions of this character, it is only nec-

essary to repeat the announcement of the rule by this court upon that question in the case of Owens v. Rector, 44 Mo. 389. In distinguishing that case from principles applied in others, it was said:

"This case is to be distinguished from cases where the title of the grantor fails, and the defense is that the purchaser gets nothing by his deed, and should not be compelled to pay the purchase-money; or in a sale of parcels of land for a sum in a gross, where the title to a portion fails, and the purchaser seeks to avoid the payment of a part of the purchase-money. The general rule in those cases is that the purchaser may rescind the contract by conveying or offering to convey back all the title he has received, in which case he may recover what has been paid, and refuse to pay what is unpaid; or, if he choose to affirm the contract, he can recover but nominal damages for the breach of the covenant of seizin, unless actually evicted; and the reason is given in Small v. Reeves, 14 Ind. 163, approved in Hacker v. Blake, 17 Ind. 98, that he has suffered as yet no actual damage, and that his possession may ripen into title. But in case of the fraudulent concealment of, or fraudulent misrepresentations as to some specific material fact affecting the value of the property sold—the purchaser trusting to the representations of the seller—he is not bound, upon discovery of the fraud, to repudiate the contract and give back the possession. He may do so, or he may stand by his purchase and sue for damages; or if the purchase-money is not paid he may reduce it by the amount of the damages to which he is entitled."

It is unnecessary to pursue this subject further. We have simply indicated how the defenses, if any, to this action must be stated. We express no opinion upon the allegations in the answer as to the false and fraudulent representations, for the reason that defendant has indicated no purpose in making them. It was not for the purpose of reducing the amount of the

purchase-money by damages sustained, for no amount of·damages are claimed, and no such relief is sought. It cannot be for the purpose of disaffirming or rescinding the contract, for to do that the possession of the premises must be restored or an offer made to do so.

For the reasons herein indicated, the judgment is reversed and the cause remanded.

All concur.