Argued December 4, decided December 16, 1913, rehearing denied
January 6, 1914.

# KNOLHOFF v. MARK.

### (136 Pac. 893.)

**Acknowledgment—Authentication—Execution in Other State.**

1. Section 7109, L. O. L., requires deeds of realty to be attested
by two witnesses. Section 7110 authorizes deeds to be executed and
acknowledged in another state in accordance with the laws of such
state. Section 7111 requires the certificate of the clerk of court to
a deed acknowledged in another state, other than before a commis-
sioner of deeds of this state or a notary public, to the effect, among
other things, that the deed is executed and acknowledged according
to the laws of such state. A deed executed in New Jersey was at-
tested by only one witness and acknowledged before a commissioner
of deeds of that state. The clerk of court certified to the official
character and signature of the commissioner but failed to state that
the deed was executed according to the laws of New Jersey. *Held,*
that it was not a sufficient deed, would not be recorded, and was not
such as a vendee was entitled to receive.

**Evidence—Deeds—Authentication.**

2. Under the express provisions of Section 7125, L. O. L., deeds exe-
cuted and acknowledged as provided by statute may be read in evi-
dence without further proof, and they are entitled to record.

**Vendor and Purchaser—Performance by Vendor—Conveyance.**

3. A vendee is entitled to a deed that has been in all respects so
subscribed, sealed, witnessed, acknowledged and certified as to be
entitled to public record.

**Specific Performance — Performance by Plaintiff — Authentication of
Conveyance.**

4. A deed executed in another state, with only one witness, ac-
knowledged before a commissioner of deeds of that state, and not
certified to have been executed and acknowledged according to the
laws of that state, is not admissible as evidence of performance by
plaintiff in a suit for specific performance of a contract to purchase
land.

**Specific Performance—Conditions Precedent—Performance by Plaintiff.**

5. A vendor cannot enforce specific performance where the contract
calls for a deed before, or concurrent with, further payments, unless he
has executed a sufficient deed and tendered it to the vendee or brought
it into court.

From Hood River: WILLIAM L. BRADSHAW, Judge.

This is a suit in equity by Ferdinand William Knol-
hoff against Henry A. Mark, for the reformation of

and for the specific performance of a contract for the sale of real property. The facts are fully set forth in the opinion by Mr. Justice RAMSEY.

REVERSED: SUIT DISMISSED.

For appellant there was a brief and an oral argument by *Mr. George R. Wilbur.*

For respondent there was a brief over the names of *Messrs. L. A. & A. P. Reed,* with an oral argument by *Mr. A. P. Reed.*

Department 1. MR. JUSTICE RAMSEY delivered the opinion of the court.

On November 19, 1910, the defendant herein commenced, in the Circuit Court of Hood River County, an action at law against the plaintiff herein for the recovery of $500 paid by the former to the latter on the purchase price of a 20-acre tract of land in Hood River County. The plaintiff in this suit filed an answer in said action at law and at the same time filed a complaint in equity in the nature of a cross-bill, praying for the reformation of the contract for the sale of the real property and for a decree for the specific performance of said contract, when so reformed.

The contract forming the basis of this suit, and which the plaintiff desires to have reformed and specifically enforced, is in writing and in the following words, to wit:.

"Memorandum of agreement made this 18th day of July, 1910, between Ferdinand William Knolhoff, party of the first part, and Henry A. Mark, party of the second part, witnesseth: That the party of the first part agrees to sell and convey by good and marketable title a tract of twenty (20) acres of land situate on Upper Hood River, Hood River County, Oregon, being the same land which has been the subject of discussion

between the parties, for the sum of fifty-five hundred ($5,500) dollars payable as follows: Two hundred and fifty dollars, on the execution of this instrument; two thousand two hundred and fifty dollars on the closing of title as hereinafter provided; three thousand dollars by the party of the second part executing a purchase money bond and mortgage for that amount, bearing interest at the rate of eight per cent per annum payable semi-annually, from September 1, 1910, said mortgage to be due in six years from the date thereof, and to contain the privilege of prepayment at any time before maturity, on thirty days' notice. The title is to close on the 15th day of August, in the year 1910, at the office of H. A. Mark, 135 Broadway, New York City.

"FERDINAND WILLIAM KNOLHOFF.     [L. S.]
"HENRY A. MARK.                  [L. S.]"

The plaintiff asks that said contract be so reformed that the 20 acres of land referred to in said contract will be described therein as follows: "The south half of the northwest quarter of the northwest quarter of section 8 in township 1 south, range 10 east of the Willamette meridian, containing 20 acres, according to the the United States government survey thereof, and containing 20 acres, more or less."

The complaint alleges that, by inadvertence, oversight and mistake, the scrivener who prepared and wrote said agreement neglected to more fully and particularly describe said land in said agreement.

The defendant paid the plaintiff the sum of $250 at the time that said contract was executed, and on July 20, 1910, he paid $250 more on the purchase price of said land.

The plaintiff alleges that he was at the time of the making and completion of said contract and now is ready, able and willing to convey said land to the defendant by a good and sufficient conveyance thereof,

and to receive the balance unpaid of the purchase price, and receive and accept a good and sufficient money bond and a mortgage to secure the deferred payments of the purchase price, pursuant to the terms and conditions of said agreement, and that, upon the performance of said agreement on the part of said defendant, the plaintiff is ready, able and willing to give the defendant possession of said land. The plaintiff alleges also that on the 15th day of August, 1910, at the office of H. A. Mark, 135 Broadway street, New York City, New York, as mentioned in said agreement, the plaintiff duly tendered and offered to deliver to the defendant a good and sufficient deed to said land, and offered to accept the sum of $2,000, the balance of said purchase price, then due and payable, and also offered to accept the said purchase money bond and mortgage to secure the sum of $3,000, the balance of the said purchase price, and bearing interest at the rate of 8 per cent per annum, payable semi-annually, from September 1, 1910, and due in six years from the date thereof, and containing the privilege of prepayment at any time before maturity, on 30 days' notice, and then and there demanded that the defendant pay the balance of said purchase price and execute said bond and mortgage to secure the balance thereof, pursuant to said agreement, but that the defendant then and there and ever since has refused and neglected to accept the said deed, or to pay the balance of said purchase price, or to execute said bond and mortgage according to said agreement. The complaint alleges also that the plaintiff now and hereby brings into this court a good and sufficient deed of conveyance to said lands to the said defendant, executed by the plaintiff and his wife duly joining with him therein, and tenders the same to the defendant, and offers to deposit the same in this court, to be delivered to the defendant upon the payment of

the balance unpaid on the purchase price of said land and upon the execution and delivery to the plaintiff of a good and sufficient purchase money bond and mortgage to secure the purchase price of said land, to wit, the sum of $3,000 agreeable to the terms and conditions of said agreement and purchase price; the balance of said purchase price, to be paid, as aforesaid, in cash, being the sum of $2,000.

The defendant answered said complaint, denying parts thereof, and setting up facts as to the execution of said contract, and *inter alia* the answer alleges that, when the plaintiff and the defendant were negotiating for the sale and purchase of said land, the defendant informed the plaintiff that he wanted to purchase only lands already supplied with water for irrigation, and that the plaintiff, well knowing defendant's said desire, represented to the defendant that he owned just such land as the defendant desired and, for the purpose of inducing him to purchase his said land, did falsely and fraudulently state and represent to the defendant that his said land, which he proposed to sell to the defendant was "irrigated land," and that the purchase of the same by the defendant would carry with it and would thereby convey to the defendant the right to the use of sufficient water to irrigate the same, to wit, 11 inches (miner's measure) of water, at an annual cost to the defendant of not to exceed $1.75 per inch, which said representations were false, when so made, and were well known to the plaintiff to be false, and were made for the purpose and with the intent of deceiving, defrauding, and inducing him to enter into said contract and paying the money as aforesaid. The answer further alleges that these negotiations were carried on at a great distance from said land, to wit, in the States of New York and New Jersey, and that the defendant had no knowledge, nor the means of obtain-

ing knowledge, of said land, nor water rights, of which the plaintiff well knew, and the defendant was therefore obliged to and did rely exclusively upon the plaintiff's said representation concerning said land and the irrigation rights connected therewith, and so relying thereon and believing the same to be true, and being deceived thereby, the defendant did enter into the execution of said contract and paid the said portion of the purchase price hereafter mentioned. The answer then alleges the payment of the $500 on the purchase price of said land, and that the defendant had the title to said land examined, and from said examination discovered and learned for the first time, and now alleges the fact to be, that there was no water or water rights, nor rights in water for irrigation purposes, appurtenant or belonging to or connected with said land, nor would the plaintiff's deed or conveyance for said land carry with it, or convey to, or in any wise entitle or invest the plaintiff (defendant) with any water, water rights, or rights in water for the purpose of irrigating said land, all of which the plaintiff well knew when he made such representations concerning said land, as aforesaid, whereby the defendant was deprived of all benefit and advantage which he otherwise would have derived from the purchase of said land. The answer alleges also that said land lies in a semi-arid region; that the surface soil consists of a fine volcanic dust which is practically worthless for cultivation unless irrigated; that the defendant desired to purchase only irrigated land, and so informed the plaintiff, for the purpose of growing apples and other fruits and agricultural products, and that said land, without water for irrigation, will not grow any fruit, crops or agricultural products, and that the chief value of said land consists in the water rights connected with or appurtenant thereto, all of which the plaintiff well knew; and that,

if the defendant had known that his purchase of said land included no irrigation water for use upon said land, he would not have entered into said contract nor have paid either of said sums of money to the plaintiff, etc.

The reply denied part of the new matter of the answer and set up new matter. The pleadings are lengthy, and it is impracticable to set them out more fully.

This is a suit by the vendor to enforce specific performance of a contract for the sale of real property. There are several questions presented for decision.

The defendant claims that the contract which the plaintiff asks to have enforced is not sufficiently certain, as to the description of the property to be conveyed, to enable the court to decree a specific performance, and he contends strenuously also that the plaintiff prevailed on him to execute the contract sued on by fraudulently representing to him, when the contract was executed, and in the negotiations leading up to its execution, that the 20-acre tract was irrigated land, and that there was plenty of water appurtenant and belonging to said land, which would be conveyed to him by the plaintiff's deed, to irrigate said lands, and that said representation was false, etc.

The plaintiff's exhibit "B," which was offered in evidence before the referee at Hood River, purports to be a warranty deed, made by the plaintiff and his wife to the defendant, in Essex County, New Jersey, on July 30, 1910, purporting to convey to the defendant the 20 acres of land in dispute, located in Hood River County, Oregon. This instrument is in proper form and appears to have been subscribed by the plaintiff and his wife, but it appears to have been attested by only one subscribing witness.

1. When it was offered in evidence, its admission was objected to by counsel for the defendant because it had not been sufficiently identified, because the same is not sufficient as a deed of conveyance, and because it does not comply with the laws of the State of Oregon, relating to the conveyances of real estate by deed, in that the same is not properly witnessed, nor is it in such form as to entitle it to the dignity of a deed of real property in this state, nor would it be entitled to be recorded as a deed of conveyance, etc. This presents a serious question. The land described in this instrument is located in this state, and this instrument purports to have been executed in the State of New Jersey.

Deeds of conveyance of real property, executed in this state, are required to be attested by two subscribing witnesses: Section 7109, L. O. L. This instrument, if it had been executed in this state, would be invalid as a deed of conveyance because it is attested by only one witness.

Section 7110, L. O. L., provides that, if a deed of conveyance shall be executed. in any other state of the United States, such deed may be executed according to the laws of such state, and the execution thereof may be acknowledged according to the laws of such other state, before any judge of a court of record, justice of the peace, notary public, or other officer authorized by the laws of such state to take acknowledgments of deeds therein or before any commissioner appointed by the Governor of this state for such purpose.

Section 7111, L. O. L., is as follows:

"In the cases provided for in the last section, unless the acknowledgment be taken before a commissioner appointed by the Governor of the state for that purpose, or before a notary public certified under his notarial seal, or before the clerk of a court of record

certified under the seal of the court, such deed shall have attached thereto a certificate of the clerk or other proper certifying officer of a court of record of the county or district within which such acknowledgment was taken, under the seal of his office, that the person whose name is subscribed to the certificate of acknowledgment was at the date thereof such officer as he is therein represented to be, that he believes the signature of such person subscribed thereto to be genuine, and that the deed is executed and acknowledged according to the laws of such state, territory or district."

Exhibit "B" was acknowledged before Charles S. Andrews, a commissioner of deeds of the State of New Jersey. He was an officer of that state and not of the State of Oregon. Attached to his certificate of acknowledgment is a certificate under seal in the following words:

"State of New Jersey,
  County of Essex—ss.:

"I, John B. Woodston, clerk of the county of Essex (and also clerk of the Circuit Court and Court of Common pleas, the same being a court of record, having a seal), do hereby certify: That Charles S. Andrews, Esquire, whose name is subscribed to the attached certificate of acknowledgment, proof or affidavit, was at the time of taking said acknowledgment, proof or affidavit, a commissioner of deeds, an officer of said state, duly authorized by the laws thereof to take and certify the same, as well as to take and certify the proof and acknowledgment of deeds and other instruments in writing to be recorded in said state, and that full faith and credit are and ought to be given to his official acts; and I further certify that I am well acquainted with his handwriting and verily believe the signature to the attached certificate is his genuine signature.

"In witness whereof, I have hereunto set my hand and affixed my official seal this 30th day of August, 1910.

"[Signed]    J. B. WOODSTON,
"Clerk."

The seal of the court is impressed on said certificate. The foregoing certificate is a printed form, and it was not drawn according to our statute, and it omits a material statement required by Section 7111, *supra*.

In *Knighton* v. *Smith,* 1 Or., pp. 277, 278, the Supreme Court of this state, passing on the sufficiency of the certificate of acknowledgment of a release made in California, under like circumstances, says:

"As to the first ground of error alleged, that the certificate of the acknowledgment to the release was insufficient, we are satisfied that all acknowledgments taken without this state, unless before a commissioner" of deeds "appointed by the Governor of this state for that purpose, must be supported by a certificate of a clerk or other proper certifying officer of a court of record, as provided in Section 12, page 520, of the statutes of this state, for, when the statutes make an express provision affecting the authentication of deeds, it must be strictly complied with."

In *Fleschner* v. *Sumpter,* 12 Or. 167 (6 Pac. 510), the court says:

"The mortgage from Alexander Sumpter to the appellant was properly acknowledged and entitled to record; but the deed from Sumpter and wife to the respondents Hibbard and Brazee was not entitled to record, as there was no certificate from the proper officer to the effect that the clerk of the District Court of Idaho Territory, before whom the acknowledgment was taken, was such clerk, or that the deed was executed in accordance with the laws of that territory."

2. Deeds executed and acknowledged in the manner provided by our statute may be read in evidence without further proof, and they are entitled to be recorded: Section 7125, L. O. L. The certificate of the clerk of the Court of Common Pleas of Essex County, attached to the certificate of acknowledgment of said deed, failed to state "that said deed was executed and acknowledged according to the laws of the State" of New Jersey. This is a material and fatal defect. The courts of this state do not take judicial notice of the laws of another state, and the provision of Section 7111, L. O. L., requiring the certificate of the clerk of a court of record to state that the deed referred to was executed and acknowledged according to the laws of the state where it was executed and acknowledged was enacted to require that fact to be shown by such certificate, so that, when deeds made in other states are recorded, with the certificates required to accompany them, the record will show that such deeds were executed and acknowledged according to the laws of such state.

The plaintiff's said Exhibit "B," not having been certified in accordance with the requirements of Section 7111, L. O. L., was not a good and sufficient deed of conveyance, and, if it were accepted by the defendant, it would not be entitled to be recorded in the public records of Hood River County. It is not such a deed as a purchaser is entitled to receive, and no vendee can be compelled to accept such an instrument.

3. A vendee is entitled to a deed of conveyance that has been in all respects so subscribed, sealed, witnessed, acknowledged and certified as to be entitled to be recorded in the public records of deeds, and he can be required to accept only such a deed.

4. Said Exhibit "B" was not admissible in evidence, and the objection made to its admission by counsel for

the defendant is sustained. As Exhibit "B" is the only deed of conveyance from the plaintiff to the defendant that has been offered in evidence, and as it was not a good and sufficient deed for the reasons stated, *supra,* a material and necessary link in the plaintiff's chain of evidence has not been offered.

5. Under the contract for the sale of the 20-acre tract in dispute, the defendant was to pay the plaintiff in the aggregate $5,500. He paid $500 on the purchase price, and he was to pay $2,000 more on the execution of the deed and then execute a bond for $3,000 and a mortgage on the land to secure the payment of the latter sum. By the terms of the contract, the payment of the $2,000 and the execution of the deed and the bond for $3,000 and the mortgage to secure the latter sum were to be concurrent acts.

In a case of this kind a vendor cannot maintain a suit for the specific enforcement of a contract of sale and properly maintain a decree for that purpose unless he has executed a good and sufficient deed of conveyance and tendered it to the vendee or brought it into court. No more money was to be due until the deed should be made, and the defendant could not execute the mortgage for the $3,000 until the title to the land should vest in him.

The plaintiff having failed to execute and tender to the defendant, or to produce in court, a good and sufficient deed of conveyance for the land in controversy, he did not make out a *prima facie* case: *Soper* v. *Gabe,* 55 Kan. 649 (41 Pac. 969); *Lanyon* v. *Chesney,* 186 Mo. 551 (85 S. W. 568); *Klyce* v. *Broyles,* 37 Miss. 524; *Kimbrough* v. *Curtis,* 50 Miss. 120; *Kirkman* v. *Kenyon,* 17 Ind. 607; *Counce* v. *Studley,* 81 Me. 431 (18 Atl. 288); *Martindale* v. *Waas* (C. C.), 8 Fed. 854; 26 Am. & Eng. Ency. of Law (2 ed.), 133; *Johnston* v. *Wadsworth,* 24 Or. 496 (34 Pac. 13).

It has been held in some cases, where time is not of the essence of the contract, that the vendor may tender the deed in court at any .time before the decree is entered: *Mullens* v. *Big Creek Gap Co.* (Tenn. Ch.), 35 S. W. 441. As the plaintiff has not tendered to the defendant or produced in court a good and sufficient deed of conveyance, he has not made out a *prima facie* case, and his complaint will have to be dismissed.

It is unnecessary to examine the question whether the contract for the sale of the land is sufficiently certain as to the description of the land to form the basis for a suit for specific performance, or whether the plaintiff was guilty of making false representations as to water for irrigation of the lands, as alleged in the answer. The plaintiff still owns the land and has not parted with its possession, and he has been paid $500 on the purchase price. There is an action pending between the parties concerning said contract, and we have no doubt that a court of law has jurisdiction to grant the parties adequate relief.

The decree of the court below is reversed, and this suit is dismissed, but neither is allowed costs or disbursements in this court or in the court below.

REVERSED: SUIT DISMISSED: REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BURNETT concur.