Submitted on record and brief April 27, reversed May 20, 1976

## THE CREDIT BUREAU, INCORPORATED OF GEORGIA, *Respondent,*

*v.*

## SHAFER, *Appellant.*

549 P2d 1129

Michael J. Bird, of Brown, Hughes, Bird & Lane, Grants Pass, filed a brief for appellant.

No appearance contra.

TONGUE, J.

**TONGUE, J.**

This is an action to enforce a California judgment against defendant, who appeals from a judgment in favor of the plaintiff.[1]

Defendant contends that the trial court erred in receiving in evidence an exemplified copy of the California judgment and the assignment of that judgment without requiring proper authentication. Defendant objected to both exhibits on the ground that no witness was called to identify the signature on the assignment, so as to properly authenticate that document.

That objection was well taken. The general rule is that to be admissible in evidence a signed written document must be authenticated by the testimony of a witness who can identify the signature as that of the person claimed to have signed the document.[2]

Statutes have been adopted relating to the authentication of deeds, affidavits and some other documents, including some documents acknowledged before notaries public.[3] The same is true of foreign judgments.[4] No statute has been adopted in Oregon, however, that eliminates the usual requirements for the authentication of an unrecorded assignment of a judgment,[5] particularly when that judgment is a

---

[1]This is not a proceeding under ORS 24.010 ff. to enforce a foreign judgment.

[2]See McCormick on Evidence 543-44, § 218 (2d ed 1972).

[3]See, for example, ORS 93.480 (deeds); ORS 45.125 (affidavits and depositions); ORS 43.340 (recorded private writings). See also *Laurent v. Lanning,* 32 Or 11, 51 P 80 (1897) (mortgage); *Haley v. Sprague et al,* 166 Or 320, 328, 331, 111 P2d 1031 (1941) (affidavit). See generally, McCormick on Evidence, *supra* note 1, 556-57, § 228, and ORS 42.010 to 42.080.

[4]ORS 43.110 and 43.120.

[5]Cf. *Hayes v. Ogle,* 143 Or 1, 21 P2d 223 (1933) (endorsed assignment of motor vehicle title); and *Marks v. Wilson,* 72 Or 5, 11, 143 P 906 (1914) (power of attorney). See also ORS 18.400 relating to assignments of judgments and the recording of such assignments.

foreign judgment and the assignment was notarized before an out-of-state notary public, as in this case.[6]

Because of error in receiving in evidence the assignment of the California judgment, the judgment of the trial court is reversed.

---

[6]Cf. *Knolhoff v. Mark,* 68 Or 437, 447, 136 P 893 (1913) (out-of-state deed) and Uniform Acknowledgment Act (U.L.A.) § 9 (1975). See generally, Tracy, Introduction of Documentary Evidence, 24 Iowa L Rev 436, 439-40 (1939).